[Civ. No. 22558. First Dist., Div. Two. May 12, 1966.]

HERBERT B. FOULKS, Plaintiff and Respondent, v. KEN-NETH W. ORTMAN, Defendant and Respondent; LIBERTY MUTUAL INSURANCE COMPANY, Intervener and Appellant.

Leonard & Hilen, Leonard, Goshkin & Bancroft and Jack E. Goshkin for Intervener and Appellant.

Nichols, Williams, Morgan & Digardi and Cyril Viadro for Plaintiff and Respondent.

No appearance for Defendant and Respondent.

AGEE, J.—While in the course and scope of his employment respondent was injured by a third party, against whom he filed the within personal injury action.

Appellant intervened as the employer's compensation insurance carrier, seeking recovery of medical and disability payments in the total amount of $15,767.95. The claim against the third party was thereafter settled without trial for $30,000.

In proceedings under Labor Code section 3860, subdivision (f), the court fixed reasonable attorneys' fees at $9,877.64 and litigation expenses at $366.97. The attorneys' fees were apportioned, three-fourths, or $7,408.23, to respondent's attorney, and one-fourth, or $2,469.41, to appellant's attorney.

There is no quarrel with this determination. ■ The controversy concerns the disposition of the amount remaining after payment of attorneys' fees and expenses. The trial court apportioned this amount, $19,755.39, in proportion to the amount of appellant's claim ($15,767.95) to the total amount of the settlement ($30,000). The trial court computed appellant's portion at $10,380.07 and respondent's portion at $9,375.32.

This was error. Subdivision (b) of said section 3860 provides in pertinent part as follows: "The entire amount of such settlement, with or without suit, is subject to the employer's[1] *full* claim for reimbursement for compensation he has paid . . ., together with expenses and attorney fees, if any, subject to the limitations in this section set forth." (Italics ours; the only limitation with which we are concerned here is the priority given to attorneys' fees and costs, as set forth in subdivision (e) of the same section.)

Under subdivision (b), quoted above, appellant herein has the clear right to be reimbursed for the full amount paid out for medical and disability benefits, to wit, $15,767.95.

By reason of a stipulation waiving the payment of appellant's attorneys' fees, the $30,000 should be divided in the following order and in the following amounts: costs, $366.97; respondent's attorneys' fees, $7,408.23; appellant, $15,767.95; respondent, $6,456.85.

The "Order for Payment of Attorneys' Fees and for Distribution of Funds" is affirmed as so modified. Appellant is to recover its costs on appeal.

Shoemaker, P. J., and Taylor J., concurred.

The petition of the plaintiff and respondent for a hearing by the Supreme Court was denied July 6, 1966.

---

[1]For purposes of subrogation the term "employer" includes the employer's workmen's compensation insurance carrier. (Lab. Code, § 3850, subd. (b).)