[No. S061421. July 8, 1999.]

RICK B. SUMMERS et al., Plaintiffs and Appellants, v.
HERBERT F. NEWMAN et al., Defendants;
A. TEICHERT & SON, INC., Intervener and Respondent.

**COUNSEL**

McKinley & Smith, William C. McKinley, Timothy M. Smith and Evan Eickmeyer for Plaintiffs and Appellants.

Barkett, Gumpert & Reiner and Franklin G. Gumpert for Intervener and Respondent.

Thomas, Salter & Lyding and Mark A. Carter for Workers' Compensation Defense Attorneys Association as Amicus Curiae on behalf of Intervener and Respondent.

**OPINION**

**KENNARD, J.**—Under the Workers' Compensation Act (Lab. Code, § 3200 et seq.; all further undesignated statutory references are to this code), when an employee is injured on the job through the fault of someone other than the employer, the employee may both obtain workers' compensation

benefits from the employer and recover personal injury damages from the third party. (§ 3852.) If the employee brings a tort action against the third party, the employer[1] may intervene in that action to recover the cost of the workers' compensation benefits it has provided to the employee. (§ 3852.)

The issue this case presents is how attorney fees and costs are to be allocated when an injured employee and his employer hire separate attorneys, both of whom actively participate in litigation against the third party tortfeasor that terminates successfully by settlement. In this situation, subdivision (e) of section 3860 (hereafter section 3860(e)) provides that the settlement proceeds are to be used first to pay litigation costs, including reasonable attorney fees incurred by the employer and the employee, then to reimburse the employer for the cost of workers' compensation benefits provided to the employee, with the balance remaining going to the employee. Here, the employer argues that we should construe section 3860(e) to allow employers that actively participate in third party litigation to recover from the settlement proceeds the attorney fees and costs they have incurred *in addition to* full reimbursement for the workers' compensation benefits they have paid. The employee disagrees. He maintains that in this situation the employer's fair share of the litigation costs, including reasonable attorney fees, must be deducted from the employer's reimbursement amount, rather than being paid out of, or reducing, the employee's share of the settlement proceeds.

Consistent with this court's reasoning in *Quinn* v. *State of California* (1975) 15 Cal.3d 162 [124 Cal.Rptr. 1, 539 P.2d 761] (*Quinn*), and with the law in a substantial majority of our sister states, we have concluded that under section 3860(e) the fees awarded to the employer's attorney and the employer's pro rata share of other litigation costs are to be deducted from the amount paid to the employer out of the settlement proceeds as reimbursement for its workers' compensation expenses.

## I. FACTS

In September 1992, while driving a truck in the course of his employment for A. Teichert & Son, Inc. (Teichert), Rick B. Summers was severely injured in a head-on collision with another truck. Teichert provided him with workers' compensation benefits totaling $135,146.95.

In April 1993, Summers and his wife commenced this action in superior court against the driver of the other truck involved in the collision and the

---

[1] In this context, "employer" includes the employer's workers' compensation insurance carrier. (§ 3850, subd. (b).)

## NOTICE TO SUBSCRIBERS

Below is a paste-over Crack-and-Peel insert for correction of an error in the bound volume report of *Summers v. Newman* (1999) 20 Cal.4th 1021. Please remove the correction insert from the peel-off backing and position it to cover the first four lines of page 1024.

benefits from the employer and recover personal injury damages from the third party. (§ 3852.) If the employee brings a tort action against the third party, the employer[1] may intervene in that action to recover the cost of the workers' compensation benefits it has provided to the employee. (§§ 3852-3853.)

We apologize for the inconvenience. If you have any questions, please call Customer Service at 800-328-4880.

Thank you,
West Group

other driver's employers, seeking damages for Summers's personal injuries and for his wife's loss of consortium. Teichert intervened in the action seeking reimbursement for the workers' compensation benefits it had provided to Summers.

Before trial, in October 1994, the parties entered into a $1 million settlement agreement under which an insurer for certain of the defendants would immediately pay Summers and his wife $575,000 in cash, with the balance of $425,000 to be paid in the form of a partial assignment of certain defendants' claims against their insurance agents and brokers. The agreement further provided that from the $575,000 cash payment, the Summerses would pay Teichert $135,146.95 as payment in full on Teichert's claim for reimbursement and would set aside in a trust account an additional $25,634.18, being the amount Teichert claimed for costs and attorney fees, "until the issue is decided by order of the court."

Teichert then brought a motion for attorney fees and costs. On November 28, 1994, the superior court issued a decision finding that Teichert had been an "active participant" in the litigation and concluding that Teichert was entitled to recover from the settlement proceeds the full amount of its lien ($135,146.95) but also that Teichert's costs and attorney fees were to be paid "out of the lien proceeds." On December 21, 1994, however, the court granted Teichert's motion for reconsideration and reversed itself, ruling that Teichert was entitled to recover attorney fees and costs in addition to full reimbursement for workers' compensation benefits. The Summerses attempted to appeal from this order, but in January 1996 the Court of Appeal dismissed the appeal as premature because the superior court had not determined the amount of reasonable attorney fees and costs Teichert had incurred.

The Summerses then moved in superior court for an order under section 3860 determining the amount of Teichert's reasonable attorney fees and costs. The trial court determined the amount to be $25,634.18. The Summerses appealed from this order.

The Court of Appeal affirmed. It construed section 3860(e) to mean that when an employer is an active participant in the employee's suit against a third party tortfeasor, the employer is entitled to recover from the settlement proceeds reasonable attorney fees and costs in addition to full reimbursement for the workers' compensation benefits provided to the employee. In a concurring opinion, Justice Blease expressed the view that this result was inequitable but compelled by the plain meaning of the statutory language. We granted review.

## II. Discussion

To determine the issue before us, we must construe section 3860(e). In undertaking this task, we are guided by familiar principles. ■ The aim of statutory construction is to discern and give effect to the legislative intent. (*Phelps* v. *Stostad* (1997) 16 Cal.4th 23, 32 [65 Cal.Rptr.2d 360, 939 P.2d 760].) The first step is to examine the statute's words because they are generally the most reliable indicator of legislative intent. (*Holloway* v. *United States* (1999) 526 U.S. 1, __ [119 S.Ct. 966, 969, 143 L.Ed.2d 1]; *People* v. *Gardeley* (1996) 14 Cal.4th 605, 621 [59 Cal.Rptr.2d 356, 927 P.2d 713].) To resolve ambiguities, courts may employ a variety of extrinsic construction aids, including legislative history, and will adopt the construction that best harmonizes the statute both internally and with related statutes. (*Pacific Gas & Electric Co.* v. *County of Stanislaus* (1997) 16 Cal.4th 1143, 1152 [69 Cal.Rptr.2d 329, 947 P.2d 291]; *Hsu* v. *Abbara* (1995) 9 Cal.4th 863, 871 [39 Cal.Rptr.2d 824, 891 P.2d 804].) We begin with the words of section 3860.

Section 3860 provides, in subdivision (a), that a settlement with a third party tortfeasor is not valid or binding unless both the employer and the employee have received notice sufficient to give the employer an opportunity to recover its reimbursable compensation costs[2] and to give the employee an opportunity to recover personal injury damages in excess of the reimbursable compensation costs.

Section 3860 further provides, in subdivision (b), that except as provided in section 3859 (allowing the employer to proceed against the third party when the employee has settled without the employer's consent), the entire settlement amount "is subject to the employer's full claim for [reimbursable compensation costs] . . . together with expenses and attorney fees, if any, subject to the limitations in this section set forth."

Section 3860 then treats, in separate subdivisions, three different situations: (1) when settlement has been achieved "solely through the efforts of the employee's attorney" (subd. (c)); (2) when settlement has been achieved "solely through the efforts of the employer's attorney" (subd. (d)); and (3) when the employee and the employer are both represented, either by the same attorney or by different attorneys, and the settlement has been achieved through a combined effort (subd. (e)). Although we are concerned here only

---

[2]We use "reimbursable compensation costs" as a shorthand expression for what section 3860 more precisely designates as compensation that the employer has paid or has become obligated to pay and any special damages to which the employer is entitled under section 3852.

with the last of these situations, examining the provisions governing each will assist us in understanding the legislative purpose and in harmonizing section 3860 internally.

When settlement has been achieved "solely through the efforts of the *employee's* attorney" (italics added), subdivision (c) of section 3860 provides that before paying the reimbursable compensation costs to the employer, "there shall be deducted from the amount of the settlement the reasonable expenses incurred in effecting such settlement, including costs of suit, if any, together with a reasonable attorney's fee to be paid to the *employee's* attorney, for his services in securing and effecting settlement *for the benefit of both the employer and the employee*." (Italics added.)

When settlement has been achieved "solely through the efforts of the *employer's* attorney" (italics added), subdivision (d) of section 3860 provides, in almost identical language, that the settlement proceeds shall be used first to pay litigation costs, including payment of a reasonable fee to the *employer's* attorney, for services benefiting both the employer and the employee.

When both the employee and the employer are represented, either by the same attorney or by different attorneys, and the settlement has been achieved through a combined effort, section 3860(e) provides that "prior to reimbursement of the employer . . . there shall be deducted from the amount of the settlement the reasonable expenses incurred by both the employer and the employee or on behalf of either, including costs of suit, if any, together with reasonable attorneys' fees to be paid to the respective attorneys for the employer and the employee, based upon the respective services rendered in securing and effecting settlement for the benefit of the party represented. In the event both parties are represented by the same attorney, by agreement, the attorney's fee shall be based on the services rendered for the benefit of both."

Finally, subdivision (f) of section 3860 provides that the court will determine the amount of litigation expenses and reasonable attorney fees if the settlement is achieved after suit has been filed or if the settlement requires court approval. Otherwise, the Workers' Compensation Appeals Board will make these determinations. Subdivision (f) further provides that if the employer and the employee are represented by separate attorneys, "they may propose to the court or the appeals board, for consideration and determination, the amount and division of such expenses and fees."

The words of section 3860 are clear as to the priority for disbursing the settlement proceeds. The order of priority is the same whether the settlement

is achieved by the efforts of the employee's attorney alone, the employer's attorney alone, or an attorney or attorneys representing both parties. First, the proceeds are to be used to pay the costs of litigation, including reasonable attorney fees. Second, after litigation costs have been fully paid, the proceeds are to be used to pay the employer's reimbursable compensation costs. Third, the employee receives any balance remaining from the settlement proceeds after payment of litigation costs and reimbursable compensation costs.

The words of section 3860 are clear also as to the basis upon which the court is to determine reasonable attorney fees. If the settlement results from the efforts of the employee's attorney alone, the employer's attorney alone, or a single attorney representing both employer and employee, the reasonable attorney fee payable to that attorney is based on the attorney's services rendered in securing settlement for benefit of *both* employer and employee. If, on the other hand, the settlement results from the efforts of attorneys who separately represent the employer and the employee, then the compensation of each attorney is separately determined based on the services rendered in securing settlement for the benefit of *the party represented.* The Courts of Appeal have consistently and reasonably construed this provision to mean that, when employer and employee are separately represented, the reasonable value of the employee's attorney's services is determined not by reference to the total amount of the settlement, by weighing the respective contributions of each attorney in achieving settlement, or by giving any consideration to the settlement's benefits to the employer, but by reference to the actual benefit that the settlement confers on the attorney's own client, the employee. (See *Gapusan* v. *Jay* (1998) 66 Cal.App.4th 734, 745-747 [78 Cal.Rptr.2d 250]; *Crampton* v. *Takegoshi* (1993) 17 Cal.App.4th 308, 318 [21 Cal.Rptr.2d 284], disapproved on other grounds in *Phelps* v. *Stostad, supra,* 16 Cal.4th 23, 34 [construing parallel language in section 3856]; *Walsh* v. *Woods* (1986) 187 Cal.App.3d 1273, 1276-1279 [232 Cal.Rptr. 629] [same]; *Eldridge* v. *Truck Ins. Exchange* (1967) 253 Cal.App.2d 365, 367 [61 Cal.Rptr. 347] [same].) The same is true for the employer's attorney in this joint prosecution situation: The reasonable value of the attorney's services is determined by reference to the benefit conferred on the client, the employer, and without regard to any incidental benefit conferred on the employee.

We do not find the words of section 3860 clear, however, on the precise issue we are asked to determine here: When employer and employee are separately represented by attorneys who each actively participate in achieving settlement, and the settlement proceeds have been used to pay litigation expenses, including reasonable attorney fees to each attorney based

on benefit to the party represented, is the payment to the employer for reimbursable compensation costs subject to a deduction for the employer's share of the litigation expenses? Section 3860 does not expressly require or prohibit such a deduction.

In arguing that the language of section 3860 is unambiguous in barring any deduction from the employer's reimbursable compensation costs for litigation expenses, the employer here relies primarily on the language of subdivision (b) of section 3860, which states that "the entire amount of such settlement, with or without suit, is subject to the employer's full claim for [reimbursable compensation costs], *together with* expenses and attorney fees, if any, subject to the limitations in this section set forth." (Italics added.) The employer argues that "together with" means "in addition to" and thus unambiguously establishes the employer's right to recover all reimbursable compensation costs without deduction for litigation expenses.

We disagree that this language is unambiguous. The words may reasonably be construed to mean only that the settlement amount is "subject to" *both* the employer's reimbursable compensation costs *and* the expenses of litigation, including attorney fees, before the employee may receive any of the settlement proceeds. In other words, the language merely emphasizes the priority of both litigation expenses and employer reimbursement over compensation of the employee. This priority scheme is observed whether or not the employer's reimbursement is charged with the employer's fair share of litigation expenses. Also, the employer ignores the qualification that the employer's reimbursement right is "subject to the limitations in this section set forth." (§ 3860, subd. (b).) This suggests that the entire section must be considered in fixing the details of disbursement. We therefore remain of the view that section 3860 is ambiguous on the point at issue here.

To resolve this ambiguity, we look to related statutory provisions as this court has authoritatively construed them. Section 3860, the provision we construe here, is closely related to section 3856, which this court construed in *Quinn, supra,* 15 Cal.3d 162. Section 3860, as we have seen, governs the distribution of proceeds of a settlement with a third party tortfeasor. Section 3856, construed in *Quinn,* governs the distribution of proceeds of a judgment obtained against a third party tortfeasor. As this court remarked in *Quinn,* "the Legislature has evinced its intention that settlement and judgment situations be treated alike." (*Quinn, supra,* 15 Cal.3d 162, 176, fn. 20.) Because of this legislative intent, *Quinn's* construction of section 3856 is particularly useful in construing section 3860. We note also that during the nearly 25 years since this court decided *Quinn,* the Legislature has not amended section 3856, and this inaction supports an inference that *Quinn*

correctly understood and applied the legislative intent underlying section 3856. (See *City and County of San Francisco* v. *Sweet* (1995) 12 Cal.4th 105, 121 [48 Cal.Rptr.2d 42, 906 P.2d 1196].)

In *Quinn*, a judgment against a third party tortfeasor was obtained solely through the efforts of the employee's attorney. The issue this court decided was whether there should be deducted from the reimbursable compensation costs payable to the employer a portion of the litigation expenses, including attorney fees, incurred in the successful prosecution of the third party action. This court construed section 3856 as requiring the employer to bear its fair share of litigation expenses in this situation. (*Quinn, supra,* 15 Cal.3d 162, 166.) This court in *Quinn* gave three reasons for adopting its construction of section 3856.

First, this construction of section 3856 is consistent with "the courts' historical equity practice of apportioning attorneys' fees among those who are the beneficiaries of funds created by the activities of similarly situated litigants." (*Quinn, supra,* 15 Cal.3d 162, 167.) Under the common fund doctrine, for example, "one who expends attorneys' fees in winning a suit which creates a fund from which others derive benefits, may require those passive beneficiaries to bear a fair share of the litigation costs." (*Ibid.,* fn. omitted.)

This reasoning of *Quinn* is not directly applicable here because the settlement proceeds at issue are not solely the result of the efforts of the employee's attorney, and for this reason the employer, Teichert, is not a *passive* beneficiary of the employee's successful litigation. (See *Kavanaugh* v. *City of Sunnyvale* (1991) 233 Cal.App.3d 903, 909-910 [284 Cal.Rptr. 698]; *Walsh* v. *Woods, supra,* 187 Cal.App.3d 1273, 1276-1279.) Nonetheless, *Quinn*'s discussion of the common fund doctrine is instructive for the light it throws on the relationship between the employer and the employee. In a footnote, this court observed that even though the statutory scheme refers to the employer's reimbursable compensation costs as a lien on the judgment, it is misleading to call the employer a "lien creditor." We explained: "[U]nlike the usual lien creditor; the employer's rights here depend entirely upon the worker's success in his third-party suit. Should he lose, the 'lien' evaporates; this contingency renders this case virtually identical to the usual 'common fund' situation." (*Quinn, supra,* 15 Cal.3d 162, 169, fn. 10, italics omitted.)

In other words, although an ordinary lien creditor is not required to contribute to litigation costs incurred to obtain a judgment against a third party (*City and County of San Francisco* v. *Sweet, supra,* 12 Cal.4th 105,

116-117), the employer is not an ordinary lien creditor when seeking recovery of reimbursable compensation costs through litigation against a third party tortfeasor. Rather, it is more correct to view the employer and the employee as having equivalent claims against the third party. In this sense, their relationship may aptly be compared to cobeneficiaries under a will seeking to recover an amount owed to the estate.

Accepting this understanding of the relationship of employer and employee, we then consider which of the proposed interpretations of section 3860 would be more consistent with general principles applied in analogous situations. If cobeneficiaries under a will or trust jointly prosecute an action against a debtor of the estate or trust, each beneficiary normally is responsible for payment of its own attorney fees. (*Estate of Korthe* (1970) 9 Cal.App.3d 572, 575-577 [88 Cal.Rptr. 465].) This is consistent with the "American rule," codified in Code of Civil Procedure section 1021, under which parties to litigation pay their own attorney fees, unless a statute or contract provides otherwise. (*Gray* v. *Don Miller & Associates, Inc.* (1984) 35 Cal.3d 498, 504 [198 Cal.Rptr. 551, 674 P.2d 253, 44 A.L.R.4th 763].) We are aware of no analogous situation in which all attorney fees and other litigation expenses are charged against the share of just one of the parties benefiting from the litigation or, stated differently, in which one of the two parties benefiting from the litigation would be required to contribute nothing *even to the payment of its own attorney*. Thus, construing section 3860(e) to require that the fee paid to the employer's attorney be deducted from the employer's reimbursable compensation costs is more consistent with general principles of law applied in analogous situations.

The second reason this court gave in *Quinn* for construing section 3856 to require the employer to bear its fair share of litigation expenses in an action successfully prosecuted to judgment by the employee's attorney alone was the wording of that provision, particularly when viewed in light of the predecessor statute and certain related provisions. (*Quinn, supra,* 15 Cal.3d 162, 169-171.) The predecessor of the current section 3856 had required the court, after entry of judgment against a third party in an action prosecuted solely by the employee, to "fix a reasonable attorney's fee . . . to be paid to the employee's attorney on account of the service rendered by him in effecting recovery for the benefit of the employer, *which said fee shall be deducted from any amounts due to the employer*." (Stats. 1949, ch. 120, § 2, p. 356, italics added.) The Legislature had enacted the current section 3856 because this earlier provision had failed to specify payment priorities when the judgment was insufficient both to compensate the attorney and to reimburse the employer. The current section 3856, like the current section 3860, specifies that litigation costs, including attorney fees, should be paid first.

Although the current section 3856 does not preserve the language of its predecessor expressly requiring an attorney fee deduction from the amount payable to the employer, this court in *Quinn* found the omission to be without significance because the wording requiring that the employee's attorney be paid for "services rendered . . . in effecting recovery both for the benefit of the employee and the employer" evidenced an intent to incorporate the equitable doctrine requiring that passive beneficiaries of litigation producing a common fund pay their fair shares of litigation expenses. (*Quinn, supra,* 15 Cal.3d 162, 169-170.) In reaching this conclusion, this court relied also on sections 3202 and 3751.

Section 3202 states that the Workers' Compensation Act "shall be liberally construed by the courts with the purpose of extending their benefits for the protection of persons injured in the course of their employment." This court reasoned that, to the extent the wording of section 3856 was ambiguous or unclear, interpreting it as removing the obligation that employers might otherwise have, under the common fund doctrine, to pay their fair share of the costs of successful third party litigation "would violate the legislative intent that we liberally construe workers' compensation statutes to the worker's benefit." (*Quinn, supra,* 15 Cal.3d 162, 170.)

Section 3751 makes it a misdemeanor for an employer to "exact or receive from any employee any contribution . . . either directly or indirectly, to cover the whole or any part of the cost of compensation under [the Workers' Compensation Act]." Because the cost of recovering a judgment in a third party action may fairly be viewed as "part of the cost of compensation," this court reasoned that construing section 3856 as barring any deduction from the employer's reimbursement would require the employee to pay all litigation costs and in this way would force the employee to pay "part of the cost of compensation" and so "negate the legislative intent underlying section 3751." (*Quinn, supra,* 15 Cal.3d 162, 171.)

This reasoning of *Quinn, supra,* 15 Cal.3d 162, applies also to the construction of section 3860(e). Because third party litigation costs may fairly be viewed as "part of the cost of compensation," construing section 3860(e) as barring any deduction from the employer's reimbursement would require the employee to pay, from the employee's share of the settlement, a "cost of compensation," a result that is inconsistent with the intent underlying section 3751.

Section 3860(e), like the provision of section 3856 that this court construed in *Quinn, supra,* 15 Cal.3d 162, requires that reasonable attorney fees be calculated with reference to the benefit conferred on employer and

employee. This court's conclusion in *Quinn* that this wording incorporates principles commonly applied in common fund cases supports an interpretation of section 3860(e) under which employer and employee are each charged with a fair share of the litigation expenses, according to the benefit derived by each. To the extent the wording of section 3860(e) is unclear or ambiguous on this point, the liberal construction mandate of section 3202 requires that we prefer a construction in which litigation expenses are shared equitably by employer and employee over the construction that Teichert urges here, under which an employer may obtain from the settlement proceeds all of its reimbursable compensation costs without paying any litigation expenses, leaving those expenses to be paid entirely from the employee's share of the settlement proceeds.

The third reason this court gave in *Quinn, supra,* 15 Cal.3d 162, for interpreting section 3856 to require an attorney fee deduction from the employer's reimbursable compensation costs was the historical evolution of that provision. In 1947, this court had construed an early version of what is now section 3856 as requiring, when the third party action is prosecuted to judgment by the employee alone, that no deduction for attorney fees be taken from the employer's reimbursable compensation costs. (*Dodds* v. *Stellar* (1947) 30 Cal.2d 496 [183 P.2d 658] (*Dodds*).) In reaching this conclusion, this court in *Dodds* reasoned that because the provision as then written gave "first consideration" to the employer's right of reimbursement, "there is no basis for classifying the action as a 'class suit' and apportioning litigation expenses between the parties benefiting from the recovery." (*Id.* at p. 505.) The opinion concluded with this statement: "If there is to be any change in these statutory provisions defining the rights of the parties, the suggestion for such change should be addressed to the Legislature rather than to the courts." (*Id.* at p. 506.)

The Legislature responded in 1949 by enacting the predecessor version of section 3856, which we have previously quoted, that expressly provided for an attorney fee deduction from the employer's reimbursement when the efforts of the employee alone resulted in a judgment against a third party. (Stats. 1949, ch. 120, § 2, p. 356.)

In 1954, this court addressed the allocation of litigation expenses for settlements with third party tortfeasors. (*R. E. Spriggs, Inc.* v. *Industrial Acc. Com.* (1954) 42 Cal.2d 785 [269 P.2d 876].) This court held that the 1949 legislation applied only to judgments, not settlements, and that there was no statutory basis for taking an attorney fee deduction from the employer's reimbursable compensation costs. The Legislature responded in 1957 by amending section 3860 to expressly provide, as section 3856 then did, for an

attorney fee deduction from the employer's reimbursement when the recovery from the third party resulted entirely from the efforts of the employee. (Stats. 1957, ch. 615, § 1, p. 1825.)[3]

In 1959, the Legislature recodified sections 3856 and 3860. The recodification deleted the language expressly providing for an attorney fee deduction from the amount payable to the employer, but it retained language requiring determination of attorney fees by reference to the benefit conferred on employer and employee, and it gave first priority to payment of litigation expenses, including attorney fees. (Stats. 1959, ch. 1255, §§ 3, 7, pp. 3387-3390.) Apart from minor changes to section 3860, not relevant here, the two sections today remain as recodified in 1959.

After reviewing these events, this court concluded in *Quinn* that the Legislature had not intended any change in the law by deletion of the language expressly providing for the attorney fee deduction. (*Quinn, supra,* 15 Cal.3d 162, 172.) By giving first priority to payment of attorney fees and other litigation expenses, rather than to payment of the employer's reimbursable compensation costs, the Legislature was eliminating the feature of the former law that this court had relied upon in *Dodds, supra,* 30 Cal.2d 496, to support the conclusion that no attorney fee deduction could be taken from the employer's recovery, and it was ensuring that attorneys would be compensated when the judgment or settlement was insufficient to both pay litigation expenses and reimburse the employer. Also, "leading legislative commentators writing contemporaneously with the passage of the legislation gave no hint that the Legislature repealed the mandate to apportion attorneys' fees. Both the annual summary of legislation prepared by the Committee on Continuing Education of the Bar, and Witkin's Summary of California Law treated the amendments as essentially technical, a conclusion entirely in accord with the routine and uncontested passage of the bills by the Legislature." (*Quinn, supra,* 15 Cal.3d 162, 173, fns. omitted.)

This reasoning applies here also, because it shows that the Legislature, beginning with the 1949 amendment of section 3856 and continuing with the

---

[3]As here relevant, former section 3860 provided: "[W]here the employer has not prosecuted any claim or action in his own behalf or has failed to join and participate in the prosecution of any action presented by the employee or has not made arrangements with the employee's attorney to represent him in the prosecution of said action or claim, the commission shall fix a reasonable attorney's fee, which shall be fixed as a share of the amount actually received by the employer, to be paid to the employee's attorney on account of the services rendered by him in effecting a recovery for the benefit of the employer, *which said fee shall be deducted from any amounts due to the employer.*" (Stats. 1957, ch. 615, § 1, p. 1825, italics added.)

The 1957 version of section 3860 did not include any provision for payment of attorney fees when employee and employer were separately represented and the settlement resulted from their joint effort. The logical inference would be that the attorneys would look to their own clients for compensation in this situation.

1957 amendment of section 3860 and the 1959 recodification of both section 3856 and section 3860, has intended to charge the employer with its fair share of litigation expenses incurred in obtaining personal injury damages from a third party tortfeasor. ▮ In the situation we consider here, in which employer and employee are separately represented and the joint efforts of both counsel contribute to a settlement with the third party, the employer's fair share of attorney fees is determined by reference to the benefit conferred on the employer, which is the primary criterion used to determine the fee paid to the employer's attorney. ▮ We conclude that the amount of this fee, together with the employer's fair share of other litigation expenses, is to be deducted from the reimbursable compensation costs paid to the employer.[4]

Accepting the contrary conclusion, as urged by the employer here, would produce a startling anomaly. If the employer chooses not to become an active participant in the litigation, and it terminates successfully by settlement or judgment as a result of employee's efforts, the employer's recovery for reimbursable compensation costs will be subject to an attorney fee deduction under this court's holding in *Quinn, supra,* 15 Cal.3d 162. By becoming an active participant in the litigation, however, the employer would escape *any* obligation to pay for litigation expenses, including compensation for its own attorney, thereby effectively shifting *all* those expenses to the employee. We can conceive of no legitimate legislative purpose to be served by this disparate treatment; construing section 3860 to mandate this result would not harmonize the section internally or with related provisions, and we decline to adopt this interpretation.

Under the approach we adopt, the priority or sequence of payments follows the clear language of section 3860, but at the same time the rationale of *Quinn* is maintained because the employer will ". . . bear his fair share of the cost of the recovery." (*Quinn, supra,* 15 Cal.3d 162, 176.)

In interpreting section 3860(e) to require that employers contribute to the costs of third party litigation in proportion to the benefit they receive, we keep California law consistent with the law in a substantial majority of our sister states. (See 6 Larson's Workers' Compensation Law (1998) § 74.32, p. 14-535 et seq.; Annot. (1976) 74 A.L.R.3d 854.)

---

[4]This conclusion is consistent with statements in the Court of Appeal opinions in *Crampton* v. *Takegoshi, supra,* 17 Cal.App.4th 308, 318 (construing parallel language in section 3856) and *Walsh* v. *Woods, supra,* 187 Cal.App.3d 1273, 1278 (same). A third Court of Appeal opinion, *Foulks* v. *Ortman* (1966) 242 Cal.App.2d 189 [51 Cal.Rptr. 300], is disapproved insofar as it is inconsistent with this conclusion.

III. Disposition

The judgment of the Court of Appeal is reversed, and the matter is remanded for further proceedings consistent with this opinion.

Baxter, J., and Chin, J., concurred.

**GEORGE, C. J., Concurring.—** I agree with the holding of the plurality that, under Labor Code section 3860, subdivision (e),[1] when the employer and the employee are represented by separate attorneys, both of whom actively participate in the proceedings, "the fees awarded to the employer's attorney and the employer's pro rata share of other litigation costs are to be deducted from the amount paid to the employer out of the settlement proceeds as reimbursement for its workers' compensation expenses." (Plur. opn., *ante*, at p. 1024.) I write separately because the plurality opinion discusses a further issue not presented by the circumstances of the present case and, in my view, suggests an incorrect resolution of that issue.

As recognized by the plurality, section 3860, subdivision (e), establishes the priority to be followed in allocating the proceeds of a settlement obtained through the efforts of both the employer's and the employee's separate counsel. First, the proceeds of the settlement are used to pay the litigation expenses, including the attorney fees of *both* attorneys. Next, the proceeds of the settlement are used to reimburse the employer for the amount of compensation paid to the employee. Any remaining settlement proceeds go to the employee.[2] (See *Phelps* v. *Stostad* (1997) 16 Cal.4th 23, 30 [65 Cal.Rptr.2d 360, 939 P.2d 760].)

On several occasions, the Courts of Appeal have addressed (most often in dicta) the question whether the proceeds of a settlement or judgment may be used to pay the employee's attorney fees if the entire proceeds will be consumed by the payment of costs and attorney fees and reimbursement to the employer, leaving nothing for the employee. In such circumstances, the appellate court decisions consistently have held that the employee's attorney

---

[1]Further undesignated statutory references are to the Labor Code.

[2]Section 3860, subdivision (e), states: "Where both the employer and the employee are represented by the same agreed attorney or by separate attorneys in effecting a settlement, with or without suit, prior to reimbursement of the employer, as provided in subdivision (b) hereof, there shall be deducted from the amount of the settlement the reasonable expenses incurred by both the employer and the employee or on behalf of either, including costs of suit, if any, together with reasonable attorneys' fees to be paid to the respective attorneys for the employer and the employee, based upon the respective services rendered in securing and effecting settlement for the benefit of the party represented. In the event both parties are represented by the same attorney, by agreement, the attorney's fee shall be based on the services rendered for the benefit of both."

is not entitled to attorney fees if the employee ultimately does not receive a portion of the proceeds of the settlement or judgment. (*Gapusan* v. *Jay* (1998) 66 Cal.App.4th 734, 745-747 [78 Cal.Rptr.2d 250]; *Crampton* v. *Takegoshi* (1993) 17 Cal.App.4th 308, 318 [21 Cal.Rptr.2d 284], disapproved on other grounds in *Phelps* v. *Stostad, supra,* 16 Cal.4th 23, 34; *Walsh* v. *Woods* (1986) 187 Cal.App.3d 1273, 1276-1279 [232 Cal.Rptr. 629]; *Eldridge* v. *Truck Ins. Exchange* (1967) 253 Cal.App.2d 365, 367 [61 Cal.Rptr. 347].) This issue is not presented by the circumstances of the present case, because the settlement proceeds here are sufficient to ensure that a portion will be left for the employee. Nonetheless, the plurality cites with approval the foregoing Court of Appeal decisions and endorses their view that "the reasonable value of the employee's attorney's services is determined . . . by reference to the actual benefit that the settlement confers on the attorney's own client, the employee." (Plur. opn., *ante,* at p. 1028.)

Because the issue regarding the payment of fees to an employee's attorney when the judgment is insufficient to provide any residual proceeds to the employee is not presented by this case, it is unnecessary to address the issue here and I do not believe we should do so. Furthermore, as I shall explain, I disagree with the substance of the plurality's dictum on this discrete point. In my view, this reading of the statute is inconsistent with the statutory purpose we recognized in *Quinn* v. *State of California* (1975) 15 Cal.3d 162, 170 [124 Cal.Rptr. 1, 539 P.2d 761], of "assuring the worker that he can obtain an attorney by guaranteeing that attorney priority in the event that the judgment recovered should not suffice both to recompense him and to satisfy the employer's claim."

The earliest case cited by the plurality is *Eldridge* v. *Truck Ins. Exchange, supra,* 253 Cal.App.2d 365. In *Eldridge,* the employer and the employee were represented by separate counsel, and the amount of the employer's lien ($16,378) exceeded the amount of the stipulated judgment ($10,000). The trial court allowed attorney fees in the amount of $3,000 to be paid from the judgment to the employee's attorney. The Court of Appeal reversed this payment of the employee's attorney fees based upon what I believe is a strained reading of section 3856, subdivision (c), which states, in language closely tracking the wording of section 3860, subdivision (e), that if the employee and the employer are represented by separate attorneys, the proceeds of the judgment first shall be used to pay "the reasonable litigation expenses incurred in preparation and prosecution of such action or actions, together with reasonable attorneys' fees . . . based solely upon the service rendered in each instance by the attorney in effecting recovery for the benefit of the party represented." Noting that the amount of attorney fees was "based solely upon the service rendered in each instance by the attorney in effecting

recovery for the benefit of the party represented," the Court of Appeal reasoned that the employee's attorney was not entitled to obtain attorney fees from the judgment, because the employee did not receive a portion of the judgment and, thus, did not "benefit" from the judgment. (*Eldridge* v. *Truck Ins. Exchange, supra,* 253 Cal.App.2d at p. 367.) The Court of Appeal concluded that "[t]he sole beneficiary of the judgment was the carrier," and only the carrier's attorney was entitled to attorney fees. (*Id.* at pp. 367-368.)

I disagree with this reading of the statutory language. Sections 3856 and 3860 do not state that attorney fees shall be based upon services rendered in effecting a settlement *that actually benefits* the employee, or that *results in a benefit to* the employee. The language states that the amount of attorney fees shall be based upon the services rendered in effecting a settlement *for the benefit* of the employee. The fees, therefore, are based upon the services rendered. The phrase "rendered in securing and effecting a settlement for the benefit of the party represented" describes the type of services for which attorney fees will be paid from the judgment or settlement. An attorney representing an employee, who settles a lawsuit brought by the employee or obtains a judgment on behalf of the employee, acts "for the benefit" of the employee even if the settlement or judgment ultimately does not result in a net recovery for the employee. In my view, the statutory language does not provide that the employee's attorney is entitled to fees only if the employee obtains a recovery, but rather that the amount of the attorney fees shall be based upon the services rendered on behalf of the employee only, and not on behalf of any other party.

Following *Eldridge,* we held in *Quinn* v. *State of California, supra,* 15 Cal.3d 162, that an employee who obtains a judgment against a negligent third party, solely through the employee's own efforts, is entitled to deduct a portion of the employee's attorney fees from the amount of the judgment used to reimburse the employer. *Quinn* did not address the issue that is before us in the present case, because *Quinn* differs from the instant case in two important respects: the judgment in *Quinn* was obtained solely through the efforts of the employee's attorney, and the amount of the judgment in *Quinn* was sufficient to permit the employee to share in the proceeds. There was no question in *Quinn* that the employee's attorney fees would be paid from the judgment. The issue in *Quinn* was whether the amount of reimbursement due the employer would be reduced by an amount equal to a portion of the employee's attorney fees, resulting in a corresponding increase in the employee's share of the judgment.

We held in *Quinn* that the Legislature incorporated into the statutes the principle of apportionment of attorney fees, requiring an employer who was

a passive beneficiary of a judgment obtained through the sole efforts of the employee to contribute a portion of the reimbursement that was due to the employer, to pay an equitable share of the attorney fees expended to obtain that judgment. We noted, however, that this duty of equitable apportionment would not apply if the employer and the employee were represented by separate counsel. (15 Cal.3d 162, 176, fn. 19.)

In *Walsh v. Woods* (1982) 133 Cal.App.3d 764 [184 Cal.Rptr. 267] (*Walsh I*), the amount of the judgment was less than the amount of the benefits that had been paid to the employer. The trial court awarded attorney fees to the employee, finding that the judgment had been obtained through the sole efforts of the employee's attorney. The Court of Appeal reversed, noting that the employer had been represented by separate counsel, and reasoning that the doctrine of equitable apportionment discussed in *Quinn* would not apply where the employer's attorney had been an active participant in the litigation. The court remanded the case to the trial court to determine whether the employer's attorney actively had participated in the suit.

· The case returned to the Court of Appeal following remand. (*Walsh v. Woods, supra,* 187 Cal.App.3d 1273 (*Walsh II*).) The Court of Appeal reiterated its earlier holding and added: "Each party's attorney fees must come out of the party's respective share of the ultimate judgment." (*Id.* at p. 1278, fn. omitted.) The decision in *Walsh II* was followed in *Crampton v. Takegoshi, supra,* 17 Cal.App.4th 308, 318 (overruled on other grounds in *Phelps v. Stostad, supra,* 16 Cal.4th 23), which stated, in dictum, that the attorney fees for the employer and the employee should be "paid for out of each party's own share of the recovery." The decision in *Walsh II* also was followed in *Gapusan v. Jay, supra,* 66 Cal.App.4th 734, 745.[3]

---

[3]In addition to establishing priority for the payment of attorney fees, sections 3856, subdivision (c), and 3860, subdivision (e), also grant priority for the payment of the employee's "reasonable litigation expenses." Unlike attorney fees, the amount of such litigation expenses is not based upon the services rendered by the attorney for the benefit of the party represented. It would appear, therefore, that the employee would be entitled to reimbursement for reasonable litigation expenses regardless of the size of the judgment or settlement. This appears to be the result reached in *Walsh II*, in which the trial court awarded the employee litigation costs and, on remand, denied the employee attorney fees, and the Court of Appeal affirmed the judgment in its entirety. (*Walsh II, supra,* 187 Cal.App.3d 1273, 1275-1276, 1280.) In *Gapusan,* however, the Court of Appeal, without analyzing the award of litigation expenses, held that if the employer's attorney actively participated in the proceedings, "the parties must shoulder their own attorney fees *and costs* from their respective shares of the recovery, if any." (*Gapusan v. Jay, supra,* 66 Cal.App.4th 734, 747, italics added, fn. omitted.)

Assuming, as appears clear from the statutory language, that an employee is entitled to priority for the payment (from a judgment or settlement) of reasonable litigation expenses, regardless of the amount of the judgment or settlement, it is difficult to understand why the

In my view, the Court of Appeal in *Walsh I & II* focussed on an issue not appropriately before the court. The doctrine of equitable apportionment of attorney fees arises only in a case, such as *Quinn*, in which the amount of the judgment or settlement is sufficient for some of the proceeds to be left for the employee after the attorney fees and costs are paid and the employer is reimbursed. We held in *Quinn* that, in such circumstances, the amount of the employer's reimbursement must be reduced so that the employer shares in the payment of the attorney fees that produced the judgment or settlement. When the amount of the judgment or settlement is insufficient to permit the employee to receive a portion of the proceeds, the doctrine of equitable apportionment of attorney fees does not apply and a different principle controls—the principle, made explicit in the statutes, that the attorney fees of both the employer and the employee shall be paid from the judgment or settlement *before* the employer is reimbursed.

Section 3860, subdivision (e), provides that if the employer and the employee are represented by separate attorneys, "prior to reimbursement of the employer . . . , there shall be deducted from the amount of the settlement the reasonable expenses incurred by both the employer and the employee or on behalf of either, including costs of suit, if any, together with reasonable attorneys' fees to be paid to the respective attorneys for the employer and the employee, based upon the respective services rendered in securing and effecting settlement for the benefit of the party represented." This language could not be clearer in requiring that the settlement first be used to pay the attorney fees for *both* parties before the employer is reimbursed.

We recognized in *Quinn* that the priority given to the payment of attorney fees is separate from the doctrine of equitable apportionment of attorney fees. Noting that an earlier version of the statute had provided for apportionment of attorney fees, we observed: "The statute left unclear, however, the priority rights as between the worker's attorney and the employer *in case the recovery should not suffice* both to compensate the attorney and to recompense the employer for his workers' compensation outlay. To remedy this obscurity the Legislature enacted the current statute, which, with an evident eye to the problem of conflicting priorities, specifies that 'the court shall *first* order paid from any judgment' the attorney's fee." (*Quinn v. State of California, supra,* 15 Cal.3d 162, 169, original italics.) We explained that the reason for this priority was to "assur[e] the worker that he can obtain an attorney by guaranteeing that attorney priority in the event that the judgment

employee would not similarly be entitled to priority for the payment of reasonable attorney fees, particularly where the employee has incurred such fees as an out-of-pocket expense in the same manner as litigation expenses.

recovered should not suffice both to recompense him and to satisfy the employer's claim." (*Id.* at p. 170.)

The rule announced in *Eldridge* and *Walsh I & II* and endorsed in dictum by the plurality would render meaningless this priority for the payment of the employee's attorney fees if the employer retains separate counsel who actively participates in the proceedings. If the employer's separate counsel actively so participates, the employee's attorney would receive attorney fees only if the judgment is sufficiently large that a portion will be left for the employee after the employer's attorney is paid and the employer is reimbursed. But if the judgment is that large, the priority for the payment of attorney fees will be of no consequence. If the judgment or settlement is large enough to pay both the employer and the employee and their attorneys, it hardly matters who is paid "first." As we recognized in *Quinn*, the priority for the payment of attorney fees is intended to ensure that the employee's attorney is paid "in the event that the judgment recovered should not suffice both to recompense him and to satisfy the employer's claim." (*Quinn* v. *State of California, supra,* 15 Cal.3d 162, 170.) The rule announced in *Eldridge* and *Walsh I & II* is inconsistent with the statutory language and our holding in *Quinn,* because it denies the employee's attorney priority if the amount of the judgment or settlement is insufficient to provide a recovery for the employee and the employer has retained separate counsel who actively participates in the proceedings. Under such a rule, some workers will have difficulty obtaining attorneys, because those attorneys will not be guaranteed priority. If the employer retains separate counsel who actively participates in the proceedings (and few employers will fail to do so), the proceeds of any judgment or settlement first will be used to pay the *employer's* attorney fees, then will be used to reimburse the employer, and only then will be used to pay the employee's attorney fees, if any proceeds remain. This is contrary to the plain language of section 3860, subdivision (e), which states that the fees of *both* attorneys shall be paid "prior to reimbursement of the employer."

Although the plurality opinion recognizes the statutory requirement that payment of the employee's attorney fees be given priority, it effectively denies such priority by suggesting that if the employee does not receive a portion of the settlement or judgment, the amount of the fee the employee's attorney may recover from the settlement or judgment will be nothing. The plurality states that the amount of the employee's attorney fees is determined "by reference to the actual benefit that the settlement confers on the attorney's own client, the employee. [Citations.]" (Plur. opn., *ante,* at p. 1028.) But this is not what the statute says. Section 3860, subdivision (e), states that the attorneys for both the employer and the employee are entitled to "reasonable attorneys' fees . . . based upon the respective services rendered in

securing and effecting settlement for the benefit of the party represented." The employee's attorney, therefore, is entitled to a reasonable fee based upon the services rendered on behalf of his or her client. As noted above, the statute does not provide that the employee's attorney is entitled to a fee only if the employee receives an actual benefit from the settlement; it simply states that the amount of the fee shall be based on the services rendered in effecting settlement for the benefit of the employee. Certainly it cannot be said that a reasonable fee under such circumstances necessarily would be nothing, simply because the amount of the judgment or settlement is insufficient to permit the employee to share in the proceeds of the judgment.

I believe that the language of section 3860, subdivision (e), is plain in this regard. When a settlement is secured through the efforts of separate attorneys representing the employer and the employee, the proceeds of the settlement first must to used to pay the reasonable fees of *both* attorneys. Next, the proceeds of the settlement are used to reimburse the employer for compensation benefits paid to the employee. The amount of this reimbursement is reduced by the amount of the attorney fees paid to the employer's attorney. The doctrine of equitable apportionment discussed in *Quinn* does not apply when the employer and the employee are separately represented. Any remaining proceeds are disbursed to the employee.

Werdegar, J., concurred.

**MOSK, J.**—I dissent.

Section 3860 of the Labor Code—which governs the cause before us—is clear: An innocent employer may obtain reimbursement for the costs of workers' compensation benefits that it has paid to an employee who has suffered injury, and may also obtain reimbursement for the costs of obtaining such reimbursement, including attorney fees and costs, out of the proceeds of the settlement of any action against a third party responsible for the injury, with the remainder, if any, going to the employee. If one or more attorneys effected the settlement—whether such attorney or attorneys are the employer's alone, the employee's alone, the employer and employee's jointly, or the employer's and the employee's individually—they may obtain reasonable attorney fees out of the settlement proceeds, with the remainder, if any, going to the employer to satisfy its claim for reimbursement, with the remainder *of that*, if any, going to the employee.

Section 3856 of the Labor Code—which does *not* govern—is clear as well: An innocent employer may obtain reimbursement for the costs of workers' compensation benefits that it has paid to an employee who has

suffered injury, and also for the costs of obtaining such reimbursement, including attorney fees and costs, out of the proceeds of any judgment against a third party responsible for the injury, with the remainder, if any, going to the employee. If one or more attorneys prosecuted the action—whether such attorney or attorneys are the employer's alone, the employee's alone, the employer and employee's jointly, or the employer's and the employee's individually—they may obtain reasonable attorney fees out of the judgment proceeds, with the remainder, if any, going to the employer to satisfy its claim for reimbursement, with the remainder *of that*, if any, going to the employee.

In *Quinn* v. *State of California* (1975) 15 Cal.3d 162 [124 Cal.Rptr. 1, 539 P.2d 761], we construed Labor Code section 3856 differently. In the opinion of the court, in which I concurred, Justice Tobriner, over a dissent by Justice Clark, interpreted the provision to state that the attorney or attorneys who prosecuted the action against the third party responsible for the employee's injury must obtain reasonable attorney fees out of the employer's share and/or the employee's share of the judgment proceeds by "equitable apportionment," and not out of the judgment proceeds themselves, except in the case in which the employer and the employee each had a separate attorney or attorneys.

I would not permit *Quinn*'s construction of Labor Code section 3856 almost 25 years ago to affect our reading of Labor Code section 3860 today. First, *Quinn* is distinguishable. True, in dictum it purported to extend its analysis from section 3856 to section 3860. But, by its very terms, its analysis simply does not apply to a case, like the present, in which the employer and the employee each had a separate attorney or attorneys. Second, and dispositive, *Quinn* is wrong. At the time that it was decided, I admit, I found Justice Clark's dissent unpersuasive. But, today, I am compelled to find it otherwise. Contrary to the plurality's implication, no argument can be made in favor of *Quinn*'s construction of section 3856 through invocation of the so-called "doctrine of legislative acquiescence." (*Ornelas* v. *Randolph* (1993) 4 Cal.4th 1095, 1111 [17 Cal.Rptr.2d 594, 847 P.2d 560] (dis. opn. of Panelli, J.).) The "doctrine" states that, " ' "when the Legislature amends a statute without altering portions of the provision that have previously been judicially construed, the Legislature is presumed to have been aware of and to have acquiesced in the previous judicial construction." ' " (*Ibid.*, quoting *Fontana Unified School Dist.* v. *Burman* (1988) 45 Cal.3d 208, 219 [246 Cal.Rptr. 733, 753 P.2d 689], quoting in turn *Marina Point, Ltd.* v. *Wolfson* (1982) 30 Cal.3d 721, 734 [180 Cal.Rptr. 496, 640 P.2d 115, 30 A.L.R.4th 1161].) The Legislature added section 3856 in 1959. It has never amended the provision, either before *Quinn* or after. It added section

3860 in 1959. It amended that provision twice, once in 1965 and once in 1971, each time well in advance of *Quinn*.

Without *Quinn*'s construction of section 3856 almost 25 years ago, we have no reason to read section 3860 other than as we ought. To the extent that "fairness" may be taken into account—as it must, to judge from the plurality's repeated invocation of the notion—it weighs in favor of my position. For, as between the employee who has suffered injury and the innocent employer who has paid him workers' compensation benefits therefor, it is altogether "fair" for the employer to obtain reimbursement for the costs of such benefits out of the proceeds of the settlement of the action against the third party responsible for the injury prior to, and in reduction of, what the employee may obtain as a remainder, inasmuch as the employee has already obtained, and will retain, the workers' compensation benefits paid to him by the employer. That is because it would be "unfair" for the employee to get more for himself if the employer did not first receive back what he gave.

I would affirm the judgment of the Court of Appeal.

Brown, J., concurred.