[No. B133525. Second Dist., Div. Six. June 12, 2000.]

CARMEN G. LUQUE, Plaintiff and Respondent, v.
FIDEL HERRERA, Defendant;
FREMONT COMPENSATION INSURANCE COMPANY, Objector and
Appellant.

FREMONT COMPENSATION INSURANCE COMPANY, Plaintiff, v.
FIDEL HERRERA, Defendant.

**COUNSEL**

Veatch, Carlson, Grogan & Nelson and Barry Hassenberg for Objector and Appellant and for plaintiff.

Roger M. Hubbard for Plaintiff and Respondent.

**OPINION**

**GILBERT, P. J.**—An employee was injured in an automobile accident while driving in the course and scope of his employment. The employee's attorney obtained a settlement from a third party tortfeasor. The employer's workers' compensation reimbursement claim exceeded the amount of the settlement fund. The trial court awarded the employee's attorney fees out of the settlement fund.

We hold the employee's attorney is entitled to an award of fees even though the employer participated in the litigation and its reimbursement claim exceeded the amount of the settlement. (Lab. Code, § 3860.)[1]

FACTS

Fidel Herrera injured Carmen G. Luque in an automobile accident for which Herrera was solely at fault. At the time of the accident Luque was acting in the course and scope of his employment.

Luque filed a claim for workers' compensation benefits with the Fremont Compensation Insurance Company. Luque also filed an action for damages against Herrera.

Fremont paid $21,670 in compensation benefits to Luque. Fremont filed suit against Herrera for recovery of the compensation benefits paid. Pursuant to stipulation the trial court consolidated Luque's and Fremont's cases against Herrera. The consolidated cases against Herrera settled for Herrera's $15,000 policy limits.

Luque filed a motion for attorney's fees. In support of the motion Luque's counsel declared that he negotiated a settlement with Herrera's insurance

---

[1] All statutory references are to the Labor Code unless otherwise stated.

carrier for $15,000 policy limits. The settlement was contingent on providing supporting documents that were in the possession of Fremont. Fremont produced the documents on Luque's request but only after considerable delay. After Fremont produced the documents Herrera's carrier settled.

Luque's counsel's declaration was supported by a declaration by counsel for Herrera's insurance carrier. Counsel declared that he was able to reach an agreement on "first contact" with Luque's counsel.

Fremont opposed the motion. Fremont's counsel declared that he filed the complaint on behalf of Fremont; had the complaint served; stipulated to a consolidation with Luque; responded to a notice to produce by Luque; served a request for all prior pleadings; propounded discovery; provided documentation to Luque's counsel; and attended two settlement conferences.

The trial court granted Luque's counsel fees of $9,000.

### DISCUSSION

Fremont contends the attorney for the injured employee is not entitled to a fee from the settlement fund where the employer's reimbursement claim exceeds the entire fund and the employer's attorney actively participated in the case, even though the participation was minimal.

Luque's counsel made his motion for attorney's fees pursuant to section 3856. But that section governs the allocation of fees and costs out of a judgment obtained against a third party tortfeasor. Here Luque obtained a settlement. The allocation of attorney's fees and costs out of a settlement fund is governed by section 3860.

Section 3860, subdivision (c), provides in part: "Where settlement is effected, with or without suit, solely through the efforts of the employee's attorney, then prior to the reimbursement of the employer, . . . there shall be deducted from the amount of the settlement the reasonable expenses incurred in effecting such settlement, including . . . a reasonable attorney's fee to be paid to the employee's attorney, for his services in securing and effecting settlement for the benefit of both the employer and the employee."

Section 3860, subdivision (e), provides in part: "Where both the employer and the employee are represented . . . by separate attorneys in effecting a settlement, with or without suit, prior to reimbursement of the employer, . . . there shall be deducted from the amount of the settlement the reasonable expenses incurred by both the employer and the employee or on behalf

of either, . . . together with reasonable attorneys' fees to be paid to the respective attorneys for the employer and the employee, based upon the respective services rendered in securing and effecting settlement for the benefit of the party represented."

■ The statute is based on the common fund doctrine. One who expends attorney's fees in winning a suit that creates a common fund from which others derive a benefit is entitled to contribution for litigation costs. (See *Quinn v. State of California* (1975) 15 Cal.3d 162, 169-170 [124 Cal.Rptr. 1, 539 P.2d 761].) "The correct standard does not ask whether counsel 'minimally participated' in the case but rather whether counsel 'actively participated' in the *creation of the settlement fund.*" (*Steinberg v. Allstate Ins. Co.* (1990) 226 Cal.App.3d 216, 222-223 [277 Cal.Rptr. 32].)

■ Although Fremont's attorney may have actively participated in the case, the trial court reasonably concluded Fremont's participation did not result in the creation of the settlement fund. The declarations of both Luque's attorney and Herrera's insurance carrier's attorney show that the settlement was negotiated between those two attorneys. The declaration of Fremont's attorney does not contradict that.

Fremont argues that the settlement did not confer any benefit on Luque. Fremont points out that its claim exceeds the entire amount of the settlement, so that Luque received nothing.

Fremont cites *Summers v. Newman* (1999) 20 Cal.4th 1021, 1028 [86 Cal.Rptr.2d 303, 978 P.2d 1225], for the proposition that "when employer and employee are separately represented, the reasonable value of the employee's attorney's services is determined . . . by reference to the actual benefit that the settlement confers on the attorney's own client, the employee. [Citations.]"

But in making the statement on which Fremont relies, the court was referring to subdivision (e) of section 3860, where attorneys for both employer and employee "effect[] a settlement." Here although Fremont participated in the case, it did not effect the settlement. This case is governed by subdivision (c) of section 3860, where the "settlement is effected . . . solely through the efforts of the employee's attorney . . . ." As the court stated in *Summers*: "If the settlement results from the efforts of the employee's attorney alone . . . the reasonable attorney fee payable to that attorney is based on the attorney's services rendered in securing settlement for benefit of *both* employer and employee." (*Summers v. Newman, supra,* 20 Cal.4th at p. 1028.)

Neither section 3860 nor *Summers* can reasonably be interpreted to mean that the employee's attorney is not entitled to a fee where the employer's claim exceeds the amount of the settlement fund. *Summers* did not involve such a situation. Moreover, Fremont's argument leads to the absurd result that it would not be required to pay the employee's attorney whose work created the fund because the employer is the only one that benefited. This is precisely the opposite effect of the common fund doctrine, and cannot be the intended effect of a statute based on that doctrine.

In *Quinn v. State of California, supra,* 15 Cal.3d 162 at pages 170-171, our Supreme Court rejected an employer's argument that it was not required under section 3856 to pay fees to the employee's attorney who obtained a judgment. The court stated: "[I]n a case in which the worker might well stand entitled to contribution toward his attorney's fee *absent* any statutory provision, this court cannot interpret a statute which on its face calls for the weighing of benefits and burdens, as *barring* apportionment of fees. Such an interpretation would violate the legislative intent that we liberally construe workers' compensation statutes to the worker's benefit. [¶] Indeed, to construe the statute as forbidding apportionment of fees would raise questions of conflict with the policy announced in section 3751, which makes it a misdemeanor for an employer to require from a worker any contribution 'either directly or indirectly' to cover the cost of compensation benefits. One of the costs of compensation benefits is the cost of recovering judgments against third parties whose negligence necessitated the payment of those compensation benefits. To construe section 3856 as a legislative demand that the courts assist in precisely such an enforced contribution is therefore to negate the legislative intent underlying section 3751."

Although *Quinn* concerned section 3856, the statute governing judgments, the same logic applies to section 3860, the statute governing settlements. Both are based on the equitable principles embodied in the common fund doctrine. In fact, our Supreme Court stated that its opinion in *Summers* is consistent with the reasoning in *Quinn.* (*Summers v. Newman, supra,* 20 Cal.4th at p. 1024.)

The judgment is affirmed. Costs on appeal are awarded to respondent.

Yegan, J., and Coffee, J., concurred.