[Civ. No. 420.   Fifth Dist.   Feb. 17, 1965.]

COY H. BRANSCUM, Plaintiff and Appellant, v. STATE COMPENSATION INSURANCE FUND, Lien Claimant and Appellant.

Lawrence W. Young and Robert L. Young for Plaintiff and Appellant.

T. Groezinger, Loton Wells, James J. Vonk and Beulah C. Olsen for Lien Claimant and Appellant.

CONLEY, P. J.—An appeal was taken by both sides from an order of the superior court striking from a previous order, pursuant to section 473 of the Code of Civil Procedure, an award of $369.58 costs as against the employer's insurer, State Compensation Insurance Fund (hereinafter called the Fund), and failing to strike from the same previous order the attorneys' fee awarded to counsel for the plaintiff.

The record shows that Coy H. Branscum, through his attorneys Lawrence W. Young and Robert L. Young, filed a complaint for personal injuries which had occurred during the course of his employment. He recovered a judgment from the defendant of $20,000, plus taxable costs of $285.35.

The record indicates that Lawrence W. Young, one of plaintiff's attorneys, wrote twice to the Fund, during the course of the litigation, suggesting that it refrain from joining in the action to protect its subrogation lien, because, as he argued, such a move would detract from the plaintiff's chances of recovery before a jury if the litigation resulted in a fight between a corporation defendant and an insurance company. Mr. Young then stated that he sought a fee from the Fund of one-third of the money collected. The Fund acceded to this point of view and promised to pay the Messrs. Young one-third of the money collected on its behalf. When the judgment on the verdict was entered, Mr. Young informed the Fund of that fact and told its representative that he would expect payment of the attorneys' fee as previously agreed, and that he was also seeking costs. On or about April 10, 1964, he served the Fund with a notice of motion for attorneys' fee and costs; a representative of the Fund in San Francisco immediately contacted Mr. Young, again agreeing to pay a fee to him of one-third of the amount collected for it. The Fund's representative later stated in an affidavit that Mr.

Young promised to dismiss his motion for the attorneys' fee and costs, and, as the result of that belief, the Fund did not appear at the hearing in Fresno on April 28, 1964; Mr. Young averred in a counteraffidavit that he made no such promise.

The attorneys for the plaintiff filed a satisfaction of judgment on April 28, 1964, establishing payment by the defendant of the principal sum awarded by the jury and the total taxable costs of $285.35. The attorneys for the plaintiff made their motion in accordance with the notice of motion. At that time, the court made an order allowing the attorneys' fee to the Messrs. Young of one-third of the amount recovered on behalf of the Fund ($1,486.05), and also for monies advanced in the preparation of plaintiff's case in the amount of $369.58. Mr. Young sent a check with deductions authorized by the court and a copy of the order to the Fund; its receipt on May 6, 1964, was the first notice that it received that a motion had actually been made and that the court had ordered the payment of said sums. Soon thereafter, the Fund filed, and served by mail, a notice of motion to set aside the order of April 29, 1964; a hearing was held on June 10, 1964, at which time as stated by the attorney for the Fund he attempted to return the check which had been received from Mr. Young. On the contrary, Mr. Young claimed that the check was never tendered to him. It was admitted that, upon the return of its attorney to San Francisco, the Fund deposited the check pending the termination of the matter. There is no showing that this was anything but an inadvertence; it could not possibly be considered an accord and satisfaction.

The second motion to modify the order of April 29, 1964, was in fact made on August 11, 1964. During the course of the hearing, Mr. Young stated that he had not represented the Fund as an attorney, whereupon the Fund's legal representative orally moved for the additional payment to it by Attorney Young of the $1,486.05 fee that he had withheld; this latter motion was not preceded by a notice in any form, and no writing was tendered to support the theory that section 473 of the Code of Civil Procedure applied to the attorneys' fee. The trial court ruled that the $369.58 for the preparation of the plaintiff's case should be stricken from the previous order, but it made no additional order with respect to the attorneys' fee, so that the order as it now stands permits the retention by the Messrs. Young of the sum of $1,486.05 as the agreed attorneys' fee for services rendered to it, but strikes as void the requirement that the Fund also pay the sum of $369.58.

The Fund properly points out, in accordance with the viewpoint of the trial judge, that under section 473 of the Code of Civil Procedure, it was entitled to have the sum of $369.58 stricken from the order. It contends that the order as to that amount was taken "through mistake, inadvertence, surprise or excusable neglect," and that it attacked what it correctly contends was a wholly unjustified order within six months after the order was made. Because it relied upon its understanding of an agreement made by telephone with Attorney Young that his motion for the attorneys' fee and costs would be dismissed, counsel for the Fund did not appear at the hearing on April 28, 1964. Mr. Lawrence W. Young denies that there was any such agreement. Both counsel are members of the State Bar, and their respective viewpoints are entitled to the respect of the trial court and of this court. If Mr. Young was correct, an honest mistake of opposing counsel would nevertheless be established and, in these circumstances, the court had jurisdiction to proceed to hear the opposing arguments and to determine as it did that the previous award of $369.58 was void under the law. The technical sufficiency of the moving papers is questioned; but the court specifically permitted the motion pursuant to section 473 of the Code of Civil Procedure, and none of the interested parties was in any doubt as to its basis. Complaint is also made that the time which elapsed was too great; we are not impressed with this contention under the circumstances shown by the record.

Section 3856 of the Labor Code, as applicable to the situation, reads in part as follows:

"(b) If the action is prosecuted by the employee alone, the court shall first order paid from any judgment for damages recovered the reasonable litigation expenses incurred in preparation and prosecution of such action, together with a reasonable attorney's fee which shall be based solely upon the services rendered by the employee's attorney in effecting recovery both for the benefit of the employee and the employer. After the payment of such expenses and attorney's fee the court shall, on application of the employer, allow as a first lien against the amount of such judgment for damages, the amount of the employer's expenditure for compensation together with any amounts to which he may be entitled as special damages under section 3852.

"      .   .   .   .   .   .   .   .   .   .   .   .

"(d) The amount of reasonable litigation expenses and the amount of attorneys' fees under subdivisions (a), (b), and

(c) of this section shall be fixed by the court. Where the employer and employee are represented by separate attorneys they may propose to the court, for its consideration and determination, the amount and division of such expenses and fees.''

■ The proper way to proceed after an employee, suing alone, secures a judgment for damages is for the trial court first to order paid ''the reasonable litigation expenses'' incurred in preparation and prosecution of the action and a reasonable attorneys' fee based upon the services rendered by the employee's attorneys in effecting recovery both for the benefit of the employee and the employer, or the latter's insurance carrier. This is what should have been done so that the $369.58 would have been ordered paid out of the proceeds of the judgment; also, the total attorneys' fee for services rendered for the party plaintiff and for the employer, or the employer's insurance company, could have been ordered paid out of the gross recovery. The Labor Code section provides, then, that the court should ''on application of the employer'' allow against the amount of the remaining proceeds of the judgment a first lien in favor of the employer for all sums advanced by him to the employee besides his special damages, if any. The time sequence prescribed by the Labor Code section was not specifically followed, but there is no reason why the insurance company of the employer should be required to pay $369.58 to the plaintiff, or to his attorneys. The court was correct in ordering this sum stricken as being absolutely contrary to the provision of law just considered.

■ The court was also correct in not striking from the previous order the sum of $1,486.05 as attorneys' fees. The Fund seems to think that its oral motion to strike this sum was procedurally sound. This position is incorrect. The motion which the court was hearing dealt only with the costs. In the moving papers it was stated, as reiterated before, that the Fund had promised one-third of its recovery of $4,458.15 to the Messrs. Young as its attorneys' fee. This promise was made both prior to the verdict and afterwards, and it is not creditable that the Fund now proposes to retreat from its agreement. The ostensible ground of this turn-about is that Mr. Young stated, during the proceedings attending the motion to strike the costs, that he was not the attorney for the Fund but rather for the plaintiff. Mr. Young no doubt meant that initially he had been retained by the plaintiff and that his actions for and on behalf of the Fund were derivative and subordinate to his initial and main representation of the

employee. However, he was in fact acting as attorney for both parties at the same time; this was known to the Fund and it was the basis for its promise to pay one-third of its recovery to the Youngs for watching its lien interests at the trial and insuring the favorable outcome of the litigation for it.

The order is affirmed; each party shall bear his own costs on appeal.

Brown (R. M.), J., and Stone, J., concurred.