[Civ. No. 23790.   First Dist., Div. Three.   Aug. 9, 1967.]

BRUCE ELDRIDGE, Plaintiff and Respondent, v. TRUCK INSURANCE EXCHANGE, Intervener and Appellant.

Schofield & Cunningham, Donald A. Sawyer and Norman Harris for Intervener and Appellant.

Belli, Ashe, Gerry & Ellison, Belli, Ashe, Ellison, Choulos, Cone & Harper and Jack G. McBride for Plaintiff and Respondent.

DRAPER, P. J.—Plaintiff, a taxicab driver acting in the course of his employment, was injured when the cab collided with a car negligently driven. He brought this action against Regan, the negligent driver. Plaintiff received workmen's compensation benefits from Truck Insurance Exchange, his employer's compensation carrier, which filed its complaint in intervention, alleging Regan's negligence and plaintiff's injuries and asserting its lien for compensation benefits paid and to be paid. By the time this action came to trial, more than $16,000 had been paid in workmen's compensation. Regan's liability insurance was limited to $10,000. Plaintiff's attorney had determined that a personal judgment against Regan would be without value. By stipulation of all parties, judgment was entered against Regan for $10,000. Plaintiff's attorney requested allowance of his fee from this amount. Over objection by the intervener, the court allowed a fee of $3,000, to be paid from proceeds of the judgment before any payment to intervener upon its lien. Intervener appeals.

Priority of attorney's fees over the lien for compensation is governed in detail by statute (Lab. Code, §§ 3856-3861), and our function is to apply the code provisions.

If the action against a third party tortfeasor is prosecuted by the employee alone, a reasonable attorney's fee based upon "the services rendered by the employee's attorney in effecting recovery both for the benefit of the employee and the employer" is allowed, and shall be first paid from the judgment. The carrier's lien is to be satisfied only after such payment. (Lab. Code, § 3856, subd. (b) ; and see *Branscum* v. *State Comp. Ins. Fund,* 232 Cal.App.2d 352 [42 Cal.Rptr. 682]). Like provision is made for allowance and priority of

fees of the employer's attorney if the action is prosecuted by the employer alone (Lab. Code, § 3856, subd. (a)).

A wholly different procedure is prescribed "if the action is prosecuted both by the employee and the employer, in a single action or in consolidated actions." In such case, if employee and employer "are represented by separate attorneys" fees of each are to be allowed and given priority, but the fees are to be "based solely upon the service rendered in each instance by the attorney in effecting recovery for the benefit of the party represented." (Lab. Code, § 3856, subd. (c).) There is a clear distinction between services rendered by counsel for either employer or employee, proceeding alone but necessarily benefiting both, and those rendered by separate attorneys representing employee and employer in asserting the related claims of their clients in a single or consolidated action. That this distinction is fully intended is emphasized by similar treatment when the result is obtained by settlement, rather than judgment (Lab. Code, § 3860, subds. (c), (d) and (e)).

■ Here the compensation carrier filed and prosecuted its complaint in intervention. Its counsel appeared at pretrial and trial. Throughout, it supported plaintiff's claims but asserted its lien rights. As section 3856 read in 1949, it allowed priority to fees of the employee's attorney only when "the employer has failed to join in said action and to be represented therein by his own attorney." It was held that proceedings comparable to those of the carrier here barred the right of plaintiff's counsel (*Bosch* v. *Standard Oil Co. of Cal.*, 193 Cal.App.2d 426 [14 Cal.Rptr. 247]). The current code language requires a like result. There is no suggestion here of either inadequacy or insincerity in the prosecution of the complaint in intervention by the compensation carrier and its counsel.

We conclude that subdivision (c) of section 3856 measures the rights of plaintiff's attorney. Under that provision, priority over the carrier's lien can be assigned only to a fee "based solely upon the service rendered . . . in effecting recovery for the benefit of the party represented," i.e., plaintiff. Whether we view the term "recovery" in the sense of money received or judgment awarded, there was no benefit to plaintiff. The stipulated judgment was for $10,000, and the carrier's lien amounted to $16.378. (As early as pretrial, the lien approximated $10.000.) The sole beneficiary of the judgment was the carrier, but its prosecution of its own claim and

its representation by separate counsel bars charging it with the fee of plaintiff's attorney.

The 1959 amendments broadened the rights of counsel for the employee, but only when the employee alone prosecutes the action against the third party tortfeasor, or the employer joins but leaves his representation to the employee's counsel. On their face, the amendments do not give plaintiff's attorney priority over the carrier's lien in the circumstances here shown.

The portion of the judgment directing payment of fees to plaintiff's attorney before satisfaction of the lien is reversed.

Salsman, J., and Brown (H.C.), J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied October 5, 1967.