[No. B024536. Second Dist., Div. Five. Nov. 4, 1988.]

OLIVIA RAISOLA, Plaintiff and Appellant, v.
FLOWER STREET LIMITED, Defendant and Respondent.
INSURANCE COMPANY of NORTH AMERICA, Intervener and
Respondent.

COUNSEL

Greenberg & Panish and Gary Kaplan for Plaintiff and Appellant.

Wise, Wiezorek, Timmons & Wise and Duane H. Timmons for Defendant and Respondent and for Intervener and Respondent.

## OPINION

**ASHBY, Acting P. J.**—This is an appeal from a postjudgment order denying attorney's fees relating to a worker's compensation lien. We reverse with directions.

### FACTS

Pursuant to a written contingent fee agreement, plaintiff Olivia Raisola retained the Law Offices of Greenberg & Panish to represent her with regard to a slip and fall accident. In the subsequently filed complaint it was alleged that defendant Flower Street Limited (defendant Flower) negligently controlled and maintained premises upon which plaintiff fell. Nine other defendants, not parties to this appeal, were also named. After plaintiff was injured, she received $167,000 in worker's compensation benefits from Insurance Company of North America (intervener). Pursuant to Labor Code Sections 3852 and 3853 intervener filed a complaint in intervention seeking to assert its lien rights to be reimbursed for the benefits paid to plaintiff.

Greenberg & Panish, without assistance from intervener's attorney, prepared and presented the matter for trial. The firm conducted discovery (depositions, interrogatories, and requests for production of documents), procured and paid for expert witnesses, subpoenaed the workers' compensation file, and then presented the matter in trial. Intervener's attorney attended a trial setting conference and a settlement conference as well as procured the settlement of intervener's complaint in intervention. Intervener's lien rights to the worker's compensation benefits ($167,000) were assigned to the defendants in exchange for $40,000, of which defendant Flower contributed $20,000.

Prior to trial, plaintiff settled her claims with all defendants other than defendant Flower. After a trial on the merits, in a tentative decision dated April 11, 1986, the court determined that plaintiff was entitled to judgment in the total sum of $594,000. The court then determined that defendant Flower owed plaintiff the net sum of $278,200. In arriving at the net sum,

the court subtracted from the total judgment the amount attributed to plaintiff's contributory negligence, the amount plaintiff received from her prior settlement with other defendants, the amount of negligence from other persons, and $167,000, the amount of the worker's compensation benefits paid to plaintiff.

On May 22, 1986, plaintiff filed a motion for allocation of attorney's fees in which plaintiff claimed that plaintiff was entitled to an award of attorney fees based on the amount of the worker's compensation lien. Plaintiff asserted that due to her attorney's active litigation of the matter, a judgment was reached which resulted in the reimbursement of the worker's compensation benefits. Plaintiff claimed that defendant Flower, who had stepped in the shoes of intervener, was thus a passive beneficiary of the judgment. Defendant Flower's opposition to the motion claimed it was not a passive beneficiary because intervener's attorney had settled intervener's claim by assigning the worker's compensation lien to defendants. The trial court denied plaintiff's motion for attorney's fees finding that plaintiff's attorney "did NOT render services for the benefit of [intervener] and [any] of the successive lien holders."

On July 16, 1986, plaintiff filed a motion for reconsideration which was heard and taken under submission on August 8, 1986. Prior to a ruling on the motion for reconsideration, on August 21, 1986, the parties appeared and stipulated to judgment. The judgment was paid and on August 27, 1986, a full satisfaction of judgment was filed. On September 11, 1986, the court denied the motion for reconsideration.

## DISCUSSION

The issue to be determined is whether plaintiff's attorneys, Greenberg & Panish, are entitled to attorneys' fees based upon the amount of the worker's compensation lien.

■ Before we address the attorneys' fees issue, we note that the trial court has the jurisdiction to determine costs and attorneys' fees after judgment (*Mabee* v. *Nurseryland Garden Centers, Inc.* (1979) 88 Cal.App.3d 420, 428-429 [152 Cal.Rptr. 31]; cf. *Citizens Against Rent Control* v. *City of Berkeley* (1986) 181 Cal.App.3d 213, 226-227 [226 Cal.Rptr. 265]) and an order denying fees is appealable. (See, e.g., *Correll* v. *Clark Equipment Co.* (1978) 76 Cal.App.3d 548 [143 Cal.Rptr. 269]; *Quisenberry* v. *Rulison* (1954) 129 Cal.App.2d 268 [277 P.2d 57].)

■ "Although American courts, in contrast to those of England, have never awarded counsels' fees as a routine component of costs, at least one exception to this rule has become as well established as the rule itself: that one who expends attorneys' fees in winning a suit which creates a fund from which others derive benefits, may require those passive beneficiaries to bear a fair share of the litigation costs." (*Quinn* v. *State of California* (1975) 15 Cal.3d 162, 167, fns. omitted [124 Cal.Rptr. 1, 539 P.2d 761].) In the labor law arena, this idea has been codified in Labor Code sections 3856 and 3860.[1]

■ Here, upon a successful verdict, intervener was entitled to reimbursement of the $167,000 in workers' compensation benefits paid to plaintiff (Lab. Code, § 3856) and could assign its rights to the lien, even to the

---

[1] Section 3856 states: "In the event of suit against such third party: [¶] (a) If the action is prosecuted by the employer alone, the court shall first order paid from any judgment for damages recovered the reasonable litigation expenses incurred in preparation and prosecution of such action, together with a reasonable attorney's fee which shall be based solely upon the services rendered by the employer's attorney in effecting recovery both for the benefit of the employer and the employee. After the payment of such expenses and attorney's fees, the court shall apply out of the amount of such judgment an amount sufficient to reimburse the employer for the amount of his expenditure for compensation together with any amounts to which he may be entitled as special damages under Section 3852 and shall order any excess paid to the injured employee or other person entitled thereto.

"(b) If the action is prosecuted by the employee alone, the court shall first order paid from any judgment for damages recovered the reasonable litigation expenses incurred in preparation and prosecution of such action, together with a reasonable attorney's fee which shall be based solely upon the services rendered by the employee's attorney in effecting recovery both for the benefit of the employee and the employer. After the payment of such expenses and attorney's fee the court shall, on application of the employer, allow as a first lien against the amount of such judgment for damages, the amount of the employer's expenditure for compensation together with any amounts to which he may be entitled as special damages under Section 3852.

"(c) If the action is prosecuted both by the employee and the employer, in a single action or in consolidated actions, and they are represented by the same agreed attorney or by separate attorneys, the court shall first order paid from any judgment for damages recovered, the reasonable litigation expenses incurred in preparation and prosecution of such action or actions, together with reasonable attorneys' fees based solely on the services rendered for the benefit of both parties where they are represented by the same attorney, and where they are represented by separate attorneys based solely upon the service rendered in each instance by the attorney in effecting recovery for the benefit of the party represented. After the payment of such expenses and attorneys' fees the court shall apply out of the amount of such judgment for damages an amount sufficient to reimburse the employer for the amount of his expenditures for compensation together with any other amounts to which he may be entitled as special damages under Section 3852.

"(d) The amount of reasonable litigation expenses and the amount of attorneys' fees under subdivisions (a), (b), and (c) of this section shall be fixed by the court. Where the employer and employee are represented by separate attorneys they may propose to the court, for its consideration and determination, the amount and division of such expenses and fees."

Section 3860 codifies an identical result when an injured party settles a claim with the tortfeasor.

tortfeasor. (*Hone* v. *Climatrol Industries, Inc.* (1976) 59 Cal.App.3d 513, 527 [130 Cal.Rptr. 770]; *Quinn* v. *Warnes* (1983) 144 Cal.App.3d 309, 315 [192 Cal.Rptr. 660].) When plaintiff's judgment was reduced by the amount of the lien ($167,000) plaintiff's prosecution of her claim resulted in a benefit to intervener. The defendants, including defendant Flower, stepped into the shoes of intervener the moment they paid $40,000 for the rights to the lien. (*Hone* v. *Climatrol Industries, Inc., supra,* 59 Cal.App.3d at p. 530.) Thus, defendant Flower directly benefited by a $167,000 reduction of the amount owed to plaintiff and intervener's benefits accrued to the defendants, including defendant Flower. The trial court's determination that plaintiff's attorneys "did NOT render any services for the benefit of [intervener] and [any] successive lienholders" is clearly erroneous.

■ The principle of equitable apportionment of attorneys' fees applies where both employee and employer (or employers' workers' compensation carrier) "retain separate attorneys so long as the resulting fund is produced through the efforts of only one of them." (*Kaplan* v. *Industrial Indem. Co.* (1978) 79 Cal.App.3d 700, 709 [145 Cal.Rptr. 219].) The employee's attorneys are entitled to attorneys' fees based on the amount of the lien unless the attorney for the lienholder actively participated in prosecuting the suit. (*Walsh* v. *Woods* (1982) 133 Cal.App.3d 764, 767 [184 Cal.Rptr. 267]; confirmed in *Walsh* v. *Woods* (1986) 187 Cal.App.3d 1273, 1278 [232 Cal.Rptr. 629].) Attorneys' fees can be recovered from the "liened portion of the judgment even where the lien has been assigned to the third party." (*Quinn* v. *Warnes, supra,* 144 Cal.App.3d at p. 319, fn. 7.)

■ Because the court incorrectly concluded that neither intervener nor its successors received a benefit from the litigation, the trial court never reached the issue of whether intervener's attorneys actively participated in the litigation, a factual issue to be determined by the trial court. (*Walsh* v. *Woods, supra,* 133 Cal.App.3d at p. 768, confirmed in *Walsh* v. *Woods, supra,* 187 Cal.App.3d at p. 1278.) Therefore this matter must be remanded to the court so it may consider this factual issue and if appropriate determine reasonable fees based upon the benefit received. (*Quinn* v. *State of California, supra,* 15 Cal.3d at p. 170; *Kaplan* v. *Industrial Indem. Co., supra,* 79 Cal.App.3d at pp. 710, 713.)

The order is reversed and the matter remanded to the trial court for further proceedings in light of the views expressed herein.

Costs are awarded to appellant.

Boren, J., and Kennard, J., concurred.

Respondent's petition for review by the Supreme Court was denied January 19, 1989.