[No. S088872. Nov. 1, 2001.]

PEGGY M. DRAPER, Plaintiff and Appellant, v.
BYRON A. ACETO et al., Defendants and Respondents.

**Counsel**

Law Offices of Marvin L. Mathis and Marvin L. Mathis for Plaintiff and Appellant.

Law Offices of S. Henslee Smith and S. Henslee Smith for Defendants and Respondents.

**Opinion**

**KENNARD, J.**—When an employee is injured at work through the fault of someone other than the employer, the Workers' Compensation Act (Lab. Code, § 3200 et seq.)[1] permits the employee not only to claim workers' compensation benefits from the employer but also to recover personal injury damages from the party at fault. (§ 3852.) To obtain reimbursement for the cost of the benefits paid to the employee, the employer may bring its own action against this third party, or it may intervene in the employee's personal injury action. (§§ 3852-3853.) If the third party action or actions result in a recovery, either by settlement or by judgment, the employer's subrogation claim has priority and the employee is entitled only to the amount, if any, remaining after full reimbursement of the employer for benefits it has paid to the employee. (§§ 3856 [recovery by judgment], 3860 [recovery by settlement].)

In *Summers v. Newman* (1999) 20 Cal.4th 1021 [86 Cal.Rptr.2d 303, 978 P.2d 1225] (*Summers*), this court addressed an issue concerning an *employer's* right to have its attorney fees paid out of settlement proceeds recovered from a third party through the joint efforts of attorneys separately representing the employer and the employee. We held that "the fees awarded to the employer's attorney . . . are to be deducted from the amount paid to the employer" (*id.* at p. 1024 (plur. opn. of Kennard, J.); *id.* at p. 1036 (conc. opn. of George, C. J.)), rejecting the employer's argument that it was entitled to recover its attorney fees and litigation costs *in addition to* full payment of its reimbursable compensation costs.[2]

This case presents a different issue that was touched upon but left unresolved in *Summers, supra,* 20 Cal.4th 1021: When settlement proceeds

---

[1] All further undesignated statutory references are to the Labor Code.

[2] As in the plurality opinion in *Summers,* "[w]e use 'reimbursable compensation costs' as a shorthand expression for what section 3860 more precisely designates as compensation that the employer has paid or has become obligated to pay and any special damages to which the employer is entitled under section 3852." (*Summers, supra,* 20 Cal.4th at p. 1026, fn. 2 (plur. opn. of Kennard, J.).)

recovered from a third party through the joint efforts of attorneys separately representing the employer and employee do not exceed the employer's reimbursable compensation costs, is the *employee* nonetheless entitled to have his or her attorney fees paid from those settlement proceeds? Although this court has never decided this issue, the Courts of Appeal have consistently held that when attorneys separately representing an employer and its employee each actively prosecute an action against a third party, the fee of the employee's attorney must come out of the employee's share of any recovery, either by judgment or by settlement. If the employee's share of the recovery is zero, then the employee's attorney fees may not be paid from the amount recovered by judgment or settlement. As we explain, we agree.

## I. FACTS

On January 26, 1995, while driving a vehicle in the course and scope of her employment for the Compton Unified School District (CUSD), Peggy M. Draper (Draper) was injured in an automobile accident. She applied for and received workers' compensation benefits from her employer, CUSD. These benefits eventually exceeded $18,000, not counting attorney fees and CUSD's continuing obligation to provide Draper with medical care as needed for her industrial injury.

To obtain further compensation for the same injury, Draper also brought a personal injury action in superior court against Byron A. Aceto and Ben Aceto (defendants), respectively the driver and owner of the other vehicle involved in the accident. CUSD, as a subrogated employer, brought its own action against defendants to obtain reimbursement for the workers' compensation benefits it had paid to Draper. The two actions against defendants were consolidated by stipulation and order.

After answering the complaints in the consolidated actions, but before trial, defendants offered to settle for $15,000, the limit of their insurance coverage. Draper and CUSD accepted the offer and agreed between themselves to place the settlement funds in trust until their respective rights in these proceeds could be determined. Defendants paid the $15,000 settlement amount as agreed, together with $554.85 for interest and costs, and the consolidated actions were dismissed. Because CUSD's reimbursable compensation costs exceeded the settlement amount, Draper recovered nothing for herself from the settlement.

Nonetheless, Draper brought a motion in superior court to obtain payment of her attorney fees and costs, in the amount of $5,397.77, from the

settlement proceeds, based on Draper's contingency fee agreement with her attorney, under which the attorney was entitled to one-third of a recovery by settlement. The superior court denied the motion, and Draper appealed.

The Court of Appeal affirmed. It reasoned that under the controlling statutory provision, subdivision (e) of section 3860 (section 3860(e)), the attorneys for Draper and CUSD could recover from the settlement proceeds only attorney fees incurred for "the respective services rendered in securing and effecting settlement *for the benefit of the party represented.*" (Italics added.) Because the settlement amount was insufficient to fully reimburse CUSD, none of the settlement proceeds were payable to Draper. And because Draper received no benefit from the settlement, her attorney could not recover his fees from the settlement proceeds.

The Court of Appeal perceived no unfairness to the attorney, who was working under a contingency fee agreement: "[W]e have all seen the television and yellow page ads: no recovery, no fee. Draper got nothing, so the attorney gets nothing. The contingency agreement was with Draper, not [CUSD]. The contingency simply did not occur."

We granted plaintiff's petition for review.

## II. Discussion

The plurality opinion in *Summers, supra,* 20 Cal.4th 1021, described the statutory framework that controls the issue presented here, as follows:

"Section 3860 provides, in subdivision (a), that a settlement with a third party tortfeasor is not valid or binding unless both the employer and the employee have received notice sufficient to give the employer an opportunity to recover its reimbursable compensation costs and to give the employee an opportunity to recover personal injury damages in excess of the reimbursable compensation costs.

"Section 3860 further provides, in subdivision (b), that except as provided in section 3859 (allowing the employer to proceed against the third party when the employee has settled without the employer's consent), the entire settlement amount 'is subject to the employer's full claim for [reimbursable compensation costs] . . . together with expenses and attorney fees, if any, subject to the limitations in this section set forth.'

"Section 3860 then treats, in separate subdivisions, three different situations: (1) when settlement has been achieved 'solely through the efforts of

the employee's attorney' (subd. (c)); (2) when settlement has been achieved 'solely through the efforts of the employer's attorney' (subd. (d)); and (3) when the employee and the employer are both represented, either by the same attorney or by different attorneys, and the settlement has been achieved through a combined effort (subd. (e)). Although we are concerned here only with the last of these situations, examining the provisions governing each will assist us in understanding the legislative purpose and in harmonizing section 3860 internally.

"When settlement has been achieved 'solely through the efforts of the *employee's* attorney' (italics added), subdivision (c) of section 3860 provides that before paying the reimbursable compensation costs to the employer, 'there shall be deducted from the amount of the settlement the reasonable expenses incurred in effecting such settlement, including costs of suit, if any, together with a reasonable attorney's fee to be paid to the *employee's* attorney, for his services in securing and effecting settlement *for the benefit of both the employer and the employee*.' (Italics added.)

"When settlement has been achieved 'solely through the efforts of the *employer's* attorney' (italics added), subdivision (d) of section 3860 provides, in almost identical language, that the settlement proceeds shall be used first to pay litigation costs, including payment of a reasonable fee to the *employer's* attorney, for services benefiting both the employer and the employee.

"When both the employee and the employer are represented, either by the same attorney or by different attorneys, and the settlement has been achieved through a combined effort, section 3860(e) provides that 'prior to reimbursement of the employer . . . there shall be deducted from the amount of the settlement the reasonable expenses incurred by both the employer and the employee or on behalf of either, including costs of suit, if any, together with reasonable attorneys' fees to be paid to the respective attorneys for the employer and the employee, based upon the respective services rendered in securing and effecting settlement for the benefit of the party represented. In the event both parties are represented by the same attorney, by agreement, the attorney's fee shall be based on the services rendered for the benefit of both.' " (*Summers, supra,* 20 Cal.4th at pp. 1026-1027 (plur. opn. of Kennard, J.), fn. omitted.)

In *Summers,* the plurality opinion explained the proper construction of these provisions, as follows: "If the settlement results from the efforts of the employee's attorney alone, the employer's attorney alone, or a single attorney representing both employer and employee, the reasonable attorney fee

payable to that attorney is based on the attorney's services rendered in securing settlement for [the] benefit of *both* employer and employee. If, on the other hand, the settlement results from the efforts of attorneys who separately represent the employer and the employee, then the compensation of each attorney is separately determined based on the services rendered in securing settlement for the benefit of *the party represented.* The Courts of Appeal have consistently and reasonably construed this provision to mean that, when employer and employee are separately represented, the reasonable value of the employee's attorney's services is determined not by reference to the total amount of the settlement, by weighing the respective contributions of each attorney in achieving settlement, or by giving any consideration to the settlement's benefits to the employer, but by reference to the actual benefit that the settlement confers on the attorney's own client, the employee. (See *Gapusan* v. *Jay* (1998) 66 Cal.App.4th 734, 745-747 [78 Cal.Rptr.2d 250]; *Crampton* v. *Takegoshi* (1993) 17 Cal.App.4th 308, 318 [21 Cal.Rptr.2d 284], disapproved on other grounds in *Phelps* v. *Stostad* [(1997)] 16 Cal.4th 23, 34 [65 Cal.Rptr.2d 360, 939 P.2d 760] [construing parallel language in section 3856]; *Walsh* v. *Woods* (1986) 187 Cal.App.3d 1273, 1276-1279 [232 Cal.Rptr. 629] [same]; *Eldridge* v. *Truck Ins. Exchange* (1967) 253 Cal.App.2d 365, 367 [61 Cal.Rptr. 347] [same].)" (*Summers, supra,* 20 Cal.4th at p. 1028 (plur. opn. of Kennard, J.).)

We now examine these Court of Appeal decisions in greater detail.

The first Court of Appeal decision to address the issue we consider here was *Eldridge* v. *Truck Ins. Exchange, supra,* 253 Cal.App.2d 365. Because the amount of a stipulated judgment against a third party tortfeasor was less than the employer's reimbursable compensation costs, the Court of Appeal held that the trial court had erred in awarding fees out of the judgment proceeds to the employee's attorney. The Court of Appeal explained:

"If the action against a third party tortfeasor is prosecuted by the employee alone, a reasonable attorney's fee based upon 'the services rendered by the employee's attorney in effecting recovery both for the benefit of the employee and the employer' is allowed, and shall be first paid from the judgment. The [workers' compensation] carrier's lien is to be satisfied only after such payment. (Lab. Code, § 3856, subd. (b); and see *Branscum* v. *State Comp. Ins. Fund,* 232 Cal.App.2d 352 [42 Cal.Rptr. 682].) Like provision is made for allowance and priority of fees of the employer's attorney if the action is prosecuted by the employer alone (Lab. Code, § 3856, subd. (a)).

"*A wholly different procedure is prescribed 'if the action is prosecuted both by the employee and the employer, in a single action or in consolidated*

*actions.' In such case, if employee and employer 'are represented by separate attorneys' fees of each are to be allowed and given priority, but the fees are to be 'based solely upon the service rendered in each instance by the attorney in effecting recovery for the benefit of the party represented.' (Lab. Code, § 3856, subd. (c).) . . . [¶] . . . [¶]*

"We conclude that subdivision (c) of section 3856 measures the rights of plaintiff's attorney. Under that provision, priority over the carrier's lien can be assigned only to a fee 'based solely upon the service rendered . . . in effecting recovery for the benefit of the party represented,' i.e., plaintiff. Whether we view the term 'recovery' in the sense of money received or judgment awarded, there was no benefit to plaintiff. The stipulated judgment was for $10,000, and the carrier's lien amounted to $16,378. (As early as pretrial, the lien approximated $10,000.) The sole beneficiary of the judgment was the carrier, but its prosecution of its own claim and its representation by separate counsel bars charging it with the fee of plaintiff's attorney." (*Eldridge v. Truck Ins. Exchange, supra,* 253 Cal.App.2d at pp. 366-368, italics added.)

Apportionment of attorney fees in the separate representation situation was again rejected in *Walsh v. Woods, supra,* 187 Cal.App.3d 1273. The Court of Appeal there stated: "[S]ection 3856 recognizes that the common fund doctrine has no application when there are no passive beneficiaries. Thus, a different test is used when there are two attorneys involved rendering services on behalf of their respective clients, the employer and the employee. In that case, the award of fees to each attorney is based not on the services benefiting both parties, but rather 'upon the service rendered in each instance by the attorney *in effecting recovery for the benefit of the party represented.*' (§ 3856, subd. (c), italics ours.) Accordingly, the amount of the award to each attorney will be based on the efforts of the attorney for his own client. The doctrine of apportionment does not apply therein; each attorney fee award comes out of each party's own share of the recovery." (*Id.* at pp. 1277-1278.)

Another Court of Appeal decision taking the same view is *Crampton v. Takegoshi, supra,* 17 Cal.App.4th 308, in which the Court of Appeal stated: "When the injured party and the lienholder employ separate attorneys, each of whom actively participates in the creation of the fund out of which fees are sought, allocation is inappropriate. In such cases, a party may not seek to weigh the relative contributions of counsel in an attempt to avoid liability for the other party's attorney fees. [Citation.] Instead, the amount of award to each attorney is based on the efforts of the attorney for his or her own client,

with each attorney fee award paid out of each party's own share of the recovery." (*Id.* at p. 318.)

The most recent Court of Appeal decision on this point is to the same effect. (*Gapusan v. Jay, supra,* 66 Cal.App.4th 734.) There, two police officers injured when their patrol car collided with a truck brought a personal injury action against the driver of the truck. The City of San Diego intervened in the action as the officers' employer, seeking reimbursement for benefits paid to them. The action settled upon payment of $200,000 by the truck driver's insurance carrier. Although the city presented uncontradicted evidence that its reimbursable compensation costs exceeded this amount, the trial court apportioned the settlement proceedings by granting the city $100,000 and the officers each $50,000. (*Id.* at pp. 738-739.)

On appeal, the Court of Appeal reversed, holding that the trial court had erred in apportioning the settlement proceeds because "[t]he Legislature has clearly provided that where, as here, a third party settlement includes the employer's reimbursable benefits, the employer's right of reimbursement takes first and full priority after the payment of litigation expenses and attorney fees, where appropriate." (*Gapusan v. Jay, supra,* 66 Cal.App.4th at p. 741.) Regarding attorney fees, the Court of Appeal remanded for a determination whether the city's attorney had actively participated in securing the settlement. If the city's attorney and the officers' attorney both actively participated in effecting the settlement, then " 'each attorney fee award comes out of each party's own share of the recovery.' " (*Id.* at p. 745, quoting *Walsh v. Woods, supra,* 187 Cal.App.3d at p. 1278.)

We agree with these Court of Appeal decisions. ▇ In section 3860, the Legislature has distinguished the situation in which the employer and employee are separately represented by attorneys who actively participate in securing a settlement from the situation in which the settlement is achieved through the efforts of a single attorney representing the employer, the employee, or both. In the latter situation, when only one attorney is active in procuring the settlement, the attorney fee is calculated by reference to the benefit achieved for both employer and employee, and it is paid from the settlement proceeds before disbursement to either employer or employee. In the former situation, when attorneys separately representing the employer and the employee are active in procuring a settlement, each attorney's fee is calculated by reference to the benefit achieved for the attorney's own client, and this amount is paid from the client's share of the recovery. If the client is the employee, and the employee recovers nothing because the settlement

proceeds are less than the employer's reimbursable compensation costs, then the employee's attorney cannot recover fees from the settlement proceeds.[3]

This result is consistent with the law applied in analogous situations where attorneys for different parties each actively participate in securing or preserving a fund. In *Estate of Korthe* (1970) 9 Cal.App.3d 572 [88 Cal.Rptr. 465], for example, a decedent had executed a will leaving her estate to 32 named beneficiaries. A nonbeneficiary challenged the will, claiming it was superseded by a later will. Eventually all but eight of the beneficiaries named in the earlier will retained counsel to assist in litigating the matter, which ended in a settlement allowing probate of the earlier will. The trial court then directed the executor to pay from the estate the fees claimed by an attorney representing five of the beneficiaries. On appeal, the Court of Appeal reversed, explaining that "a court may award attorney's fees from a common fund to an attorney who has succeeded in preserving a fund when equity requires it," but that "this cannot be done when there are multiple beneficiaries of the fund and all—or substantially all—are represented by various counsel." (*Id.* at p. 575.)

Here, denying fees to Draper's attorney from the settlement fund works no unfairness on Draper. Because her attorney worked under a contingency fee arrangement, she owes the attorney no fee. Nor does denial give CUSD an unfair advantage or a "free ride." CUSD must pay its own attorney, who was active in procuring the settlement. Indeed, the denial of fees to Draper's attorney prevents substantial unfairness to CUSD. Draper's attorney claimed as his contingency fee one-third of the $15,000 settlement amount. If CUSD's attorney also claimed one-third of the total recovery, then two-thirds of the settlement proceeds would be consumed by attorney fees, and CUSD would essentially be paying double fees.

### III. Disposition

The judgment of the Court of Appeal is affirmed.

Baxter, J., Chin, J., Brown, J., and Marchiano, J.,* concurred.

**GEORGE, C. J.**—I respectfully dissent. The result reached by the majority defeats the priority given by Labor Code section 3860, subdivision (e), to the

---

[3]Because the parties have not briefed or argued the issue in this court, we do not decide whether section 3860(e), in addition to barring recovery of Draper's attorney fees from the settlement proceeds, also prohibits charging those proceeds with her filing fees and other "costs of suit."

*Associate Justice, Court of Appeal, First Appellate District, Division One, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

payment of an employee's attorney fees, when attorneys for both the employer and the employee actively participate in obtaining a recovery against a negligent third party.

Labor Code section 3860, subdivision (e), gives priority to the payment of both the employer's and the employee's attorney fees: "Where both the employer and the employee are represented . . . by separate attorneys in effecting a settlement, . . . *prior to reimbursement of the employer . . .* there shall be deducted from the amount of the settlement the reasonable expenses incurred by both the employer and the employee . . . together with reasonable attorneys' fees . . . ." (Italics added.) The plurality opinion in *Summers v. Newman* (1999) 20 Cal.4th 1021, 1024 [86 Cal.Rptr.2d 303, 978 P.2d 1225] (plur. opn. of Kennard, J.), acknowledged this: "[S]ubdivision (e) of section 3860 . . . provides that the *settlement proceeds are to be used first to pay* litigation costs, including *reasonable attorney fees* incurred by the employer and the employee . . . ." (Italics added.) Giving priority to the payment of the employee's attorney fees serves the purpose of "assuring the worker that he can obtain an attorney by guaranteeing that attorney priority *in the event that the judgment recovered should not suffice both to recompense him and to satisfy the employer's claim.*" (*Quinn v. State of California* (1975) 15 Cal.3d 162, 170 [124 Cal.Rptr. 1, 539 P.2d 761], italics added.)

But the plurality in *Summers v. Newman, supra,* 20 Cal.4th 1021, suggested in dicta, and the majority in the present case holds, that this priority to the payment of the employee's attorney fees applies only if the settlement or judgment is sufficiently large for the employee to share in the recovery. This interpretation defeats the statutory purpose, because it is only when the settlement or judgment is insufficient both to reimburse the employer and to provide a recovery for the employee that giving priority to the payment of attorney fees makes a difference.

As we said regarding the closely related provisions of Labor Code section 3856: "The rule giving priority to the claim for litigation expenses and attorney fees was created for cases like the present one in which the amount of the judgment is insufficient to pay reasonable litigation expenses and attorney fees and also fully reimburse the employer. [Citation.]" (*Phelps v. Stostad* (1997) 16 Cal.4th 23, 30-31 [65 Cal.Rptr.2d 360, 939 P.2d 760]; *Gapusan v. Jay* (1998) 66 Cal.App.4th 734, 742 [78 Cal.Rptr.2d 250] ["The implicit purpose of section 3860 is to prioritize payments when settlement funds are insufficient to satisfy all claims."].) If the settlement or judgment exceeds the amount necessary to reimburse the employer, the employer will be reimbursed, both attorneys will be paid, and whatever remains will go to the employee. In these fortunate circumstances, the priority given to the

payment of attorney fees is of no consequence. The employer, the employee, and their attorneys all will join in the recovery. It does not matter who is paid first.

The priority for the payment of attorney fees matters only if the settlement or judgment does *not* exceed the amount required to reimburse the employer. Unless priority is given to the payment of attorney fees in these circumstances, the entire proceeds will be used to reimburse the employer, leaving the employee's attorney unpaid. To prevent this, and thereby ensure that employees will be able to obtain attorneys, the Legislature stated that the proceeds first must be used to pay the attorney fees of "both the employer and the employee." (Lab. Code, § 3860, subd. (e).)

The majority bases its conclusion—that the employee's attorney is not entitled to attorney fees if the employee does not share in the proceeds of the settlement—on language in Labor Code section 3860, subdivision (e), providing that the "reasonable attorneys' fees" that first must be deducted from the settlement, prior to reimbursement of the employer, are "based upon the respective services rendered in securing and effecting settlement for the benefit of the party represented." The majority reads this phrase to mean that " 'the reasonable value of the employee's attorney's services is determined . . . by reference to the actual benefit that the settlement confers on the attorney's own client, the employee.' " (Maj. opn., *ante*, at p. 1092.) This is not the only, nor even the most reasonable, interpretation of this language.

A more reasonable interpretation is that the phrase "for the benefit of" means "on behalf of," so that the employee's attorney is entitled to a fee based upon the services rendered on behalf of the employee. This is a more reasonable interpretation because it recognizes that if the employee's attorney, working for the benefit of the employee, secures a settlement, the circumstance that the amount of this settlement is insufficient to provide a share for the employee does not necessarily mean that the reasonable value of the attorney's services is zero. This interpretation also is more reasonable because it gives effect to the statutory priority granted to the payment of attorney fees by permitting the employee's attorney to be paid a reasonable fee "in the event that the judgment [or settlement] recovered should not suffice both to recompense [the employee] and to satisfy the employer's claim." (*Quinn v. State of California, supra,* 15 Cal.3d 162, 170.)

The effect of the majority opinion will be to permit an employer to enjoy the fruits of a settlement secured, in part, by the efforts of the employee's attorney, without paying a penny to the employee's attorney. The majority

states that its decision does not give the employer "an unfair advantage or a 'free ride' " because the employer must pay a fee to its own attorney. (Maj. opn., *ante*, at p. 1095.) This ignores the reality that, although the employer remains obligated to pay its own attorney, the employer enjoys the fruits of the labors of the employee's attorney for free. This is so even if the employee's attorney performed most of the work that resulted in the settlement.

In order for the employer to avoid having a portion of the settlement used to pay the employee's attorney under the majority's holding, the employer's attorney need only be "active" in the litigation. In determining whether the employer's attorney was "active," the court does not "weigh the relative contributions of counsel" but simply determines whether the employer was "a *passive* beneficiary." (*Kavanaugh v. City of Sunnyvale* (1991) 233 Cal.App.3d 903, 914 [284 Cal.Rptr. 698].) The employer's attorney need only "participate" in the litigation by making more than "a token appearance." (*Id.* at p. 915.) This means that the employee's attorney may perform the vast majority of the work that results in the settlement and yet be denied attorney fees altogether. Unlike the majority, I believe this gives the employer "an unfair advantage" and, to the extent that the unpaid services of the employee's attorney contributed to the settlement, "a 'free ride.' " (Maj. opn. *ante*, at p. 1095.)

The majority raises a red herring by asserting that its decision "prevents substantial unfairness" to the employer because the employee's attorney in the present case claimed one-third of the amount of the settlement as his fee. (Maj. opn., *ante*, at p. 1095.) This is what the attorney claimed, but it is not necessarily what he is entitled to under the statute. The statute does not entitle the attorneys for the employer and the employee to whatever fee they claim, but provides that they are entitled to "reasonable attorneys' fees." (Lab. Code, § 3860, subd. (e).) In the event one-third of the settlement amount would be an unreasonable fee, as the majority asserts, the employee's attorney is not entitled to that amount. But it does not follow that the employee's attorney is entitled to no fee at all.

In determining what constitutes a reasonable fee, the trial court may take into account whether the employee's attorney accepted the case on a contingency fee basis. A court reasonably could conclude that an employee's attorney who chose to gamble on the outcome of the litigation, by agreeing to a fee dependent upon the amount of the employee's recovery, is entitled to a reduced fee, or even no fee at all, if the employee does not share in the proceeds of the settlement. But the majority errs in basing its interpretation

of the statute, in part, on the circumstance that the present case involves a contingency fee. The type of fee agreement that happens to be involved in the present case is irrelevant to the proper interpretation of Labor Code section 3860, subdivision (e).

For these reasons, and the reasons explained in my concurring opinion in *Summers v. Newman, supra*, 20 Cal.4th 1021, 1036 (conc. opn. of George, C. J.), I respectfully dissent.

Werdegar, J., concurred.