[No. B160130. Second Dist., Div. Seven. Apr. 30, 2003.]

JAVIER MANRIQUEZ, Plaintiff and Respondent, v.
JAMES STEPHEN ADAMS et al., Defendants and Appellants.

## Counsel

Ford, Walker, Haggerty & Behar and Maxine J. Lebowitz for Defendants and Appellants.

Baker, Jacobs & Oring and John M. Inferrera for Plaintiff and Respondent.

## Opinion

**PERLUSS, P. J.**—Javier Manriquez was injured in an automobile accident with James and Reba Adams. After Manriquez sued the Adamses his employer intervened in the suit to recover sums paid to Manriquez in workers' compensation benefits. The Adamses settled with Manriquez's employer for $17,500, in exchange for a release of claims and assignment of the workers' compensation lien, and then settled with Manriquez for $5,000 "net" of the lien. The trial court awarded Manriquez $17,667.76 in attorney

fees pursuant to Labor Code section 3860, subdivision (c),[1] which authorizes payment of reasonable attorney fees to the employee's attorney "[w]here settlement is effected, with or without suit, solely through the efforts of the employee's attorney . . . for his services in securing and effecting settlement for the benefit of both the employer and the employee."

We conclude the trial court erred in awarding Manriquez attorney fees calculated by reference to a settlement fund valued to include the full amount of the lien, rather than the actual benefit received by the employer (or its assignee). Based upon the record before us, however, we are unable to determine whether the trial court also erred in ruling that Manriquez's counsel alone effected the settlement and was therefore entitled to attorney fees with respect to both the $5,000 benefit he obtained for his client and the benefit conferred on the employer. Accordingly, we reverse and remand with directions to conduct a new hearing to decide whether counsel for the employer actively participated in the creation of the settlement fund and, if not, to calculate attorney fees for Manriquez's counsel in accordance with the actual benefit received by both the employee and the employer.

### FACTUAL AND PROCEDURAL BACKGROUND

While driving an automobile in the course and scope of his employment, Manriquez was injured in an accident involving the Adamses. After Manriquez filed a lawsuit against the Adamses, Ace Property & Casualty Company (Ace), the workers' compensation insurance carrier for Manriquez's employer, intervened in the action, seeking reimbursement for workers' compensation benefits in the amount of $64,754 paid to Manriquez.

On March 22, 2002, Ace and the Adamses, through their counsel, entered into a settlement agreement and lien assignment. The Adamses agreed to pay Ace $17,500 in consideration for Ace's release and discharge of the Adamses from all claims for workers' compensation benefits, Ace's assignment of all its lien rights and claims under the Labor Code and its dismissal of its complaint in intervention. One week later, on March 29, 2002, pursuant to Code of Civil Procedure section 998, the Adamses served Manriquez with a statutory offer to compromise "in the amount of $5,000 'net' of any lien on [Manriquez's] claim" with each party to bear its own costs. On April 5, 2002, Manriquez accepted the Adamses' offer to compromise and agreed to dismiss the action against the Adamses with prejudice.

Manriquez's counsel then moved for an order fixing attorney fees, requesting an award of $21,580 in fees based on a total settlement fund of

---

[1]All statutory references are to the Labor Code unless otherwise indicated.

$69,754, consisting of the lien amount of $64,754 and the $5,000 "net" benefit to Manriquez. Manriquez submitted a supporting declaration in which his attorney stated the employer's attorney did not actively participate in effecting the settlement. The Adamses did not offer an opposing declaration. The trial court awarded Manriquez $17,666.67 in attorney fees and entered a judgment in that amount.

DISCUSSION

### 1. *Standard of Review*

█ The entitlement of Manriquez's lawyers to an award of fees based on the amount of the employer's workers' compensation lien involves application of a statute to undisputed facts. Accordingly, it presents a purely legal question subject to de novo review. (*Gapusan v. Jay* (1998) 66 Cal.App.4th 734, 740 [78 Cal.Rptr.2d 250]; *Insurance Co. of North America v. T.L.C. Lines, Inc.* (1996) 50 Cal.App.4th 90, 94 [57 Cal.Rptr.2d 542].)

### 2. *Applicable Law*

When an employee suffers a work-related injury through the fault of someone other than the employer, the employee is entitled to workers' compensation benefits from the employer and personal injury damages from the responsible third party. (§ 3852.) If the employee initiates a tort action against the third party, the employer or its workers' compensation insurance carrier may intervene to recover the benefits it paid the employee. (§§ 3850, subd. (b), 3852.) The order of distribution of the proceeds from any recovery, whether by settlement or judgment, as well as the employee's and employer's respective rights to attorney fees paid from those proceeds, are governed by statute. (§§ 3856 [recovery by judgment]; 3860 [recovery by settlement]; see *Draper v. Aceto* (2001) 26 Cal.4th 1086, 1088 [113 Cal.Rptr.2d 61, 33 P.3d 479] (*Draper*).)

Section 3860, applicable here because the case at bar concluded by way of settlement between Manriquez (the employee) and James and Reba Adams (the alleged third party tortfeasors), provides in separate subdivisions for (1) settlements achieved "solely through the efforts of the employee's attorney" (subd. (c)); (2) settlements achieved "solely through the efforts of the employer's attorney" (subd. (d)); and (3) when the employee and the employer are both represented, either by the same attorney or by different attorneys, settlements achieved through a combined effort (subd. (e)).

█ "Where settlement is effected solely through the efforts of the employee's attorney, the employer is a passive beneficiary and its reimbursement rights are subject to reasonable fees and expenses for 'services in

securing and effecting settlement for the benefit of both the employer and the employee.' [Citation.] '[I]f the employer receives his fair share of the recovery, he must bear his fair share of the cost of the recovery.' [Citation.]" (*Gapusan v. Jay, supra*, 66 Cal.App.4th at pp. 744-745.) By requiring the calculation of the attorney fees to take into account not only the benefit the employee's attorney confers on his or her own client but also the benefit to the employer lienholder, section 3860, subdivision (c), incorporates the equitable "common fund" doctrine. (*Quinn v. State of California* (1975) 15 Cal.3d 162, 171, 176 [124 Cal.Rptr. 1, 539 P.2d 761].)

■    When attorneys separately representing an employer (or the employer's carrier) and its employee each actively prosecute an action against a third party, on the other hand, the fee of the employee's attorney must come out of the employee's share of any recovery. (*Draper, supra*, 26 Cal.4th at p. 1089.) "In section 3860, the Legislature has distinguished the situation in which the employer and employee are separately represented by attorneys who actively participate in securing a settlement from the situation in which the settlement is achieved through the efforts of a single attorney representing the employer, the employee, or both. In the latter situation, when only one attorney is active in procuring the settlement, the attorney fee is calculated by reference to the benefit achieved for both employer and employee, and it is paid from the settlement proceeds before disbursement to either employer or employee. In the former situation, when attorneys separately representing the employer and the employee are active in procuring a settlement, each attorney's fee is calculated by reference to the benefit achieved for the attorney's own client, and this amount is paid from the client's share of the recovery." (*Id.* at p. 1094.)

### 3.    *The Trial Court Erred in Considering the Full Amount of the Employer's Workers' Compensation Lien in Calculating Attorney Fees for Manriquez's Counsel*

■    Manriquez successfully argued in the trial court that attorney fees were properly based not only on the $5,000 "net" payment he received by accepting the Adamses' March 29, 2002 settlement offer but also on the $64,754 lien amount because the Adamses, as the assignees of Ace's claim for reimbursement of workers' compensation benefits, were passive beneficiaries of the settlement. Manriquez reasoned, as the trial court apparently did, as well, that for Manriquez to receive a "net" recovery of $5,000, the settlement must have created a total fund of $69,754 from which the employer's lien in the amount of $64,754 was satisfied.

Manriquez is generally correct that the sale and assignment of an employer's lien to the defendant in the third party action does not extinguish the

lien: The third party defendant " 'steps into the shoes' of [the intervener/lien holder] and accepts not only the rights but obligations attendant to said lien" including the obligation "to contribute toward the payment for services of the [employee's] attorney [who] produced the recovery . . . ." (*Hone v. Climatrol Industries, Inc.* (1976) 59 Cal.App.3d 513, 530 [130 Cal.Rptr. 770]; *Raisola v. Flower Street Ltd.* (1988) 205 Cal.App.3d 1004, 1009 [252 Cal.Rptr. 726] ["The employee's attorneys are entitled to attorneys' fees based on the amount of the lien unless the attorney for the lienholder actively participated in prosecuting the suit. [Citations.] Attorneys' fees can be recovered from the 'liened portion of the judgment even where the lien has been assigned to a third party,' " including to the defendant tortfeasor]; accord, *Crampton v. Takegoshi* (1993) 17 Cal.App.4th 308, 319 [21 Cal.Rptr.2d 284], disapproved on other grounds in *Phelps v. Stostad* (1997) 16 Cal.4th 23, 34 [65 Cal.Rptr.2d 360, 939 P.2d 760].)

Manriquez is also correct that a "net" recovery of $5,000 to an employee following a jury trial would necessarily require a total judgment equal to the employer's lien amount plus $5,000 and that, under those circumstances, his attorney would be entitled to recover fees from the employee (or its assignee) on the full amount of the lien. (*Raisola v. Flower Street Ltd., supra,* 205 Cal.App.3d at p. 1009.) Manriquez is wrong, however, in characterizing the settlement in this case as identical to a net recovery of $5,000 following a jury trial (that is, as comparable to the Adamses having agreed to pay $69,754 to settle the action).

The Adamses in effect accomplished a tripartite global settlement in which they resolved the pending lawsuit by payments totaling $22,500: Within a three-week period they settled first with Ace for $17,500 (an amount reflecting the reasonable value of the lien, discounted by the likelihood of recovery in a proceeding that recognizes principles of comparative fault)[2] in return for an assignment of the lien to the Adamses and a release by Ace of all claims for reimbursement against the Adamses. They then settled with Manriquez by (a) paying him $5,000 and (b) waiving any right to reimbursement they had as a result of the assignment to them of the workers' compensation lien.[3] The total economic value of the settlement, therefore, was $22,500, consisting of the $17,500 payment to Ace and the $5,000 "net" payment to Manriquez. To hold otherwise and find that the settlement res consisted of $69,754 would, in our view, ignore the economic realities of the settlement.

---

[2]As counsel for the Adamses observed at oral argument, a trial for the recovery of medical expenses in a proceeding recognizing principles of comparative fault is quite different from no-fault workers' compensation reimbursement.

[3]The Adamses' waiver of their right to enforce the lien against any recovery by Manriquez was consideration given by the lienholders, not a benefit to them. Viewed from Manriquez's perspective, the total value of the consideration he received was $5,000.

### 4. *The Trial Court Must Redetermine Whether Manriquez's Counsel Alone Effected the Overall Settlement*

■ Ace was represented by counsel at the time of its settlement with the Adamses. If Ace's lawyer actively participated in the prosecution of the action and creation of the total settlement fund, the common fund doctrine would be inapplicable under section 3860, subdivision (e). (*Draper, supra,* 26 Cal.4th at pp. 1094-1095; see also *id.* at p. 1089 ["[W]hen attorneys separately representing an employer and its employee each actively prosecute an action against a third party, the fee of the employee's attorney must come out of the employee's share of any recovery, either by judgment or by settlement."].) " 'The correct standard does not ask whether counsel "minimally participated" in the case but rather whether counsel "actively participated" in the *creation of the settlement fund.*' [Citation.]" (*Luque v. Herrera* (2000) 81 Cal.App.4th 558, 562 [96 Cal.Rptr.2d 853].)

The trial court found, based on the undisputed evidence presented to it, that Manriquez's counsel alone generated the $5,000 settlement between Manriquez and the Adamses. However, neither the court nor the parties addressed the question whether the total settlement achieved—$5,000 for Manriquez and $17,500 for the employer—was obtained solely through the efforts of the employee's attorney and is therefore governed by section 3860, subdivision (c), or resulted from the efforts of counsel for Ace as well as Manriquez's attorney, and is therefore controlled by section 3860, subdivision (e). Resolution of that question is necessary to determine whether the Adamses are obligated, as Ace's assignees, to pay Manriquez's attorney for work that directly benefited the employer.

### DISPOSITION

The judgment is reversed and the case is remanded to the trial court to calculate attorney fees in accordance with the views expressed in this opinion. Each party is to bear his or her own costs on appeal.

Woods, J., and Munoz, J.,* concurred.

Respondent's petition for review by the Supreme Court was denied July 30, 2003. George, C. J., and Brown, J., did not participate therein.

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.